STATE of Missouri, Plaintiff-Respondent,

v.

Thomas Clifford RIDEEOUTTE, Defendant-Appellant.

No. 10724.

Missouri Court of Appeals, Springfield District, Division Two.

Oct. 2, 1978.

Motion for Rehearing and/or Transfer Denied Oct. 18, 1978.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lloyd R. Henley, Springfield, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Thomas C. Rideeoutte was convicted by a Greene County jury of burglary and stealing and has appealed. We affirm.

From the trial evidence the jury could reasonably find that defendant and Fred Walker unlawfully entered the Janss Lumber Company premises in Springfield during nighttime hours to steal a motor vehicle and in fact drove two company owned vehicles from the premises. Further, that following his arrest, the defendant voluntarily admitted his participation in the crimes.

Our review of the evidence leads to the conclusion there was substantial evidence to support the jury's verdict and defendant's contention challenging the sufficiency of the evidence is without merit. Defendant's inculpatory statement revealed he and Walker went to the lumber company for the express purpose of stealing a car or truck; that they entered the lumber company premises shortly after midnight and took

two vehicles, using one as a battering ram to force open locked shed doors. The fact that the vehicle used to ram the door was found abandoned a short distance away from the lumber company is of no consequence. Defendant's alibi defense was rejected by the jury and there was no evidence defendant intended a mere temporary deprivation of the vehicles for mere joy-riding as his brief suggests. The evidence was sufficient for the jury to find that the actions of defendant and his cohort demonstrated an intent to permanently deprive the vehicles' owner of the property. *State v. Sturgell*, 530 S.W.2d 737 (Mo.App. 1975).

By pretrial motion the defendant unsuccessfully sought suppression of his oral and written inculpatory statements to officers. He claimed his arrest was without probable cause and this in turn tainted his confessions. The failure of the trial court to sustain his suppression motion is assigned as error in this appeal.

■ The trial court conducted an evidentiary hearing on defendant's motion. The evidence adduced disclosed that at the time defendant was arrested he was at the police station and Springfield officers possessed the following information: the Janss Lumber Company had been entered the night before and two motor vehicles stolen; Walker and a man fitting defendant's description had entered a grill that night and Walker told the waitress "they" had gotten a car and it was parked out back; Walker and defendant's girl friend were taken into custody the following night and defendant was present when the two were arrested; defendant came to the police station to see about his girl friend; an officer checked defendant's description over the telephone with the waitress and she accurately described defendant; Walker gave the officers a statement implicating defendant, whereupon defendant was placed under arrest. There was ample probable cause for

defendant's arrest. *State v. Greenhaw*, 553 S.W.2d 318 (Mo.App.1977). The point is denied.

■ The defendant also contended his statements were not voluntarily given and the result of unconstitutional methods employed by the officers. There was substantial evidence that defendant was given *Miranda*[1] warnings and orally confessed his participation in the crimes a few minutes after he was arrested. Likewise, there was substantial evidence that defendant signed a printed waiver of *Miranda* rights and thereafter gave officers a signed statement admitting his involvement in the burglary and theft. We find no error of law in the trial court's determination that defendant's statements were voluntarily given and met constitutional standards. At defendant's trial the statements were received in evidence and the jury given MAI–CR 3.44 on their voluntary nature.

■ In this appeal the defendant's principal point is his attack on the hearsay testimony of Detective Jared which implicated defendant in the crimes. The detective testified that it was only after Walker's statement had been read aloud to the defendant did the latter agree to make a written statement concerning his involvement in the lumber company theft. As earlier indicated, the voluntary nature of defendant's statements was a trial issue and the detective's testimony was elicited by the state in attempting to show the written statement was made voluntarily.

The problem with this averment of error by defendant is that it is not preserved for our review because a timely and proper objection was not made. Error in the admission of evidence in the trial court must be preserved for appellate review by an objection in proper form and timely made. *State v. Simmons*, 500 S.W.2d 325 (Mo.App. 1973). "One cannot sit by and gamble on the outcome and, if he loses the gamble, then, for the first time, make a tergiversat-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ing objection. If he chooses to gamble he must abide his wager." *Brown v. Thomas*, 316 S.W.2d 234 (Mo.App.1958).

Defendant's reliance on *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), and *State v. Johnson*, 538 S.W.2d 73 (Mo.App. 1976), and cases cited therein, overlooks the fact that in those cases a timely and proper objection was lodged by the defendant against the hearsay evidence and overruled. Such is not the situation here, as the transcript reflects:

"Q: At the time you talked to Mr. Rideeoutte did you have any discussion with him in regard to a statement by Mr. Walker?

A: Yes, sir, we did.

Q: What did you say to Mr. Rideeoutte?

A: After Mr. Walker—correction—after Mr. Rideeoutte denied being involved in the burglary at that time, we had a statement that was taken by some other officers the previous evening from Mr. Walker that implicated him in the burglary, and I read the statement of Mr. Walker in the presence of Mr. Rideeoutte."

The record shows that it was only after Walker's written waiver of rights and statement had been identified by the detective and the state proposed to offer these exhibits that an informal complaint was made to the trial court that the introduction of Walker's written statement would be prejudicial to him. The court, sua sponte, invited an objection from the defendant and sustained the same. Thereupon, the court, of its own initiative, instructed the jury to disregard the questions and answers to the witness concerning Walker's statement and at defendant's request gave a similar written instruction which limited the jury's consideration to the voluntary nature of defendant's statements. Defendant sought no other relief. He did not seek a mistrial and, as the record clearly indicates, received relief from the trial court beyond that which he requested. Under the circumstances, we cannot convict the trial court of error. *State v. Wendell*, 542 S.W.2d 339 (Mo.App.1976).

We also observe that in earlier testimony Officer Bledsoe had testified, without objection or motion to strike, that after defendant had been advised that Mr. Walker "had already talked to us about the burglary at Janss Lumber Company" he orally admitted his participation in the crimes. Consequently, the hearsay testimony of Detective Jared which implicated defendant was cumulative to similar evidence already in the record. *State v. Marshall*, 354 Mo. 312, 189 S.W.2d 301 (1945); 24B C.J.S. Criminal Law § 1915(5) (1962).

We have reviewed defendant's remaining assignments and find no error of law.

The judgment is affirmed.

HOGAN, J., and RAGLAND, CONLEY and YEAMAN, Special Judges, concur.