Sandra Kay West v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-188-CR
No. 10-02-189-CR

     SANDRA KAY WEST,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 252nd District Court
Jefferson County, Texas
Trial Court Nos. 85617 and 85484
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Sandra Kay West pleaded guilty to unauthorized use of a motor vehicle in trial court cause
number 85617 (appellate cause number 10-02-188-CR) without the benefit of a plea bargain. The
court sentenced her to two years’ confinement in a state jail.
      West pleaded guilty to debit card abuse in trial court cause number 85484 (appellate cause
number 10-02-189-CR) without the benefit of a plea bargain. The court sentenced her to two
years’ confinement in a state jail for this offense as well.
      West and her trial counsel signed a waiver of appeal as a part of the plea proceedings in each
case. Because West waived her right to appeal, we dismiss her appeals.


 See Blanco v. State, 18
S.W.3d 218, 219-20 (Tex. Crim. App. 2000); Clayburn v. State, 985 S.W.2d 624, 625 (Tex.
App.—Waco 1999, no pet.) (per curiam).
 
                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeals dismissed
Opinion delivered and filed October 30, 2002
Do not publish
[CR25]



in-left: 0.9in"> 
            •    January 8, 1993: During a brief hearing, the judge rejected the plea bargain
agreement and excused the parties.
 
            •    January 26, 1993: A written plea agreement, signed by Kocman and the State,
was approved by the judge and filed; it recommended ten years in prison,
probated. A sentencing hearing was held during which the judge again received
Kocman’s plea of guilty and administered the required admonishments, including
the fact that Kocman could withdraw his plea if the judge did not follow the plea
bargain. The judge again referred to the “Plea of Guilty, Waiver, Stipulation and
Judicial Confession” previously signed by Kocman. The judge struck through the
date “November 11, 1992" beside the judge’s signature and wrote in “January
26, 1993.” The judge said: “[T]he Court having heard your testimony and the
evidence finds that you are guilty of the offense of delivery of a controlled
substance, marijuana as charged . . . . Accordingly, I’m going to assess your
punishment at ten years confinement . . . . However, I will suspend that
penitentiary time, and you will be placed on probation for a period of ten years.”
 
            •    July 26, 2001: The State filed a Motion to Revoke Community Supervision.
 
            •    January 7, 2002: Kocman filed a Motion to Quash State’s Motion to Revoke
Probation claiming, inter alia, a violation of his right against double jeopardy. 
He asserted that when the judge found him guilty at the November 11, 1992,
hearing, jeopardy attached, making the adjudication at the January 26, 1993,
hearing a violation of double jeopardy.
            •    February 28, 2002: At a hearing, the judge heard arguments about the motion to
quash, after which he denied the motion. The judge then heard evidence about
the grounds for revocation, after which he orally revoked Kocman’s community
supervision.
 
            •    March 14, 2002: The judge signed both an order and a judgment revoking
Kocman’s community supervision and sentencing him to eight years in prison.

Double Jeopardy

      Kocman’s argument is that the order and judgment revoking his probation are void,
because the proceedings on January 26, 1993, violated the proscription against double
jeopardy. He says jeopardy attached on November 11, 1992, when the trial court first
accepted his guilty plea and found him guilty. U.S. Const. amend. V; Tex. Const. art. I, §
14. The State argues, however, that the rule in Ortiz v. State applies, i.e., that in a negotiated-plea case, jeopardy attaches only when the trial court accepts the plea-bargain agreement. 
Ortiz v. State, 933 S.W.2d 102, 105 (Tex. Crim. App. 1996). The State also says Kocman did
not make this or any other complaint in 1993, and a complaint of double jeopardy is ordinarily
forfeited if not timely raised. Gonzalez v. State, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000);
Tex. R. App. P. 33.1.
      We will not decide when jeopardy attached or whether Kocman waived his double
jeopardy complaint. Rather, we will assume without deciding that jeopardy attached at the
November hearing and that the complaint was properly preserved and raised. Kocman’s
complaint fails for another reason.
      There must be a jeopardy-terminating event after jeopardy attaches.


 Ex parte Queen, 877
S.W.2d 752, 754 (Tex. Crim. App. 1994); Ramirez v. State, 36 S.W.3d 660, 666 (Tex.
App.—Waco 2001, pet. ref’d). “Absent a final judgment, [a criminal defendant] remains
under the initial jeopardy.” Ex parte McAfee, 761 S.W.2d 771, 773 (Tex. Crim. App. 1988);
see also Ramirez, 36 S.W.3d at 666. If jeopardy attached at the November hearing, it did not
terminate until the judgment after the January hearing. Therefore, Kocman was not subjected
to double jeopardy.
      We overrule this complaint.
Cruel and Unusual Punishment
      When Kocman was convicted in 1993, delivery of marihuana in the amount of four ounces
or less but more than one-fourth ounce was a third-degree felony. Tex. Health & Safety
Code Ann. § 481.120(b)(3) (Vernon 1989). By 2002, when he was sentenced to eight years
in prison, the statute had been amended to make delivery of five pounds or less of marihuana
but more than one-fourth ounce a state jail felony. Id. (Vernon Supp. 2002). Kocman argues
that sentencing him to more than two years—the state-jail-felony maximum punishment—is
cruel and unusual punishment. U.S. Const. amend. VIII; Tex. Const. art. I, § 13.
      We addressed this issue in Ali v. State, 26 S.W.3d 82 (Tex. App.—Waco 2000, no pet.). 
Ali was convicted of possession of a forged driver’s license, a felony. Id. at 89. 
Subsequently, the Legislature amended the statute and made the offense a Class C
misdemeanor. Id. Ali argued that he should be sentenced according to the misdemeanor. Id. 
We overruled his complaint because “he was tried and sentenced in the same manner as all
criminal defendants who committed similar offenses prior to . . . the effective date of the
revised statute.” Id. For the same reason we overrule Kocman’s complaint.
Conclusion
      Having overruled Kocman’s complaints, we affirm the judgment.



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



      (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed March 17, 2004
Publish

[CR25]