WITHDRAWN
3/17/2003



                                                  IN THE
                                 TENTH COURT OF APPEALS
                                                                    

                                           No. 10-02-090-CR

CARL RAINER KOCMAN,
Appellant
v.

THE STATE OF TEXAS,
Appellee
                                                                         

                                  From the 361st District Court
                                        Brazos County, Texas
                                      Trial Court # 21,237-361
                                                                                                                  
                                                                                                       
                                   MEMORANDUM OPINION
                                                                                                                 

     Carl Rainer Kocman appeals from the revocation of his probation and sentence of eight years
in prison. He raises constitutional claims of double jeopardy and cruel and unusual punishment. 
We will affirm the judgment.
Facts
      Because the order and timing of events is central to Kocman’s arguments, we will set them
out in some detail.
•    April 23, 1992: Kocman was indicted for delivery of marihuana. At that time, the statute
read in part: “A felony of the third degree if the amount . . . is four ounces or less but more
than one-fourth ounce.” Tex. Health & Safety Code Ann. § 481.120(b)(3) (Vernon
1989).
 
•    November 5, 1992: A written plea agreement signed by Kocman and the State was filed
recommending nine months in the county jail pursuant to section 12.44 of the Penal Code,
which at that time allowed for reduction of a third-degree felony to a Class A misdemeanor. 
Tex. Pen. Code Ann. ' 12.44 (Vernon 1989). The space for the judge=s signature accepting
the plea bargain was left blank.
 
•    November 11, 1992: At a hearing, Kocman pled guilty and the terms of the plea bargain were
announced by the State. Kocman requested that sentencing be done after January 1. The
judge administered the required admonishments, including the fact that Kocman could
withdraw his plea if the judge did not follow the plea bargain. The judge signed and dated
a written APlea of Guilty, Waiver, Stipulation and Judicial Confession@ signed by Kocman. 
The judge said: AThe Court having heard your testimony and the evidence finds that you are
guilty of the offense of delivery of a controlled substance, marijuana . . . . Accordingly, I=m
going to reset your case so that a presentence investigation report can be done. Once that=s
been done you=ll return back into Court for the Court to consider your plea bargain agreement
and any sentencing at that time.@
 
•    January 8, 1993: During a brief hearing, the judge rejected the plea bargain agreement and
excused the parties.
 
•    January 26, 1993: A written plea agreement signed by Kocman and the State was approved
by the judge and filed; it recommended ten years in prison, probated. A sentencing hearing
was held during which the judge again received Kocman=s plea of guilty and administered the
required admonishments, including the fact Kocman could withdraw his plea if the judge did
not follow the plea bargain. The judge again referred to the APlea of Guilty, Waiver,
Stipulation and Judicial Confession@ previously signed by Kocman. The judge struck through
the date ANovember 11, 1992" beside the judge=s signature and wrote in AJanuary 26, 1993.@ 
The judge said: A[T]he Court having heard your testimony and the evidence finds that you are
guilty of the offense of delivery of a controlled substance, marijuana as charged . . . . 
Accordingly, I=m going to assess your punishment at ten years confinement . . . . However,
I will suspend that penitentiary time, and you will be placed on probation for a period of ten
years.@
 
•    July 26, 2001: The State filed a Motion to Revoke Community Supervision.
 
•    January 7, 2002: Kocman filed a Motion to Quash State=s Motion to Revoke Probation
claiming, inter alia, a violation of his right against double jeopardy.
 
•    February 28, 2002: The judge held a hearing on the revocation motion.
 
•    March 14, 2002: The judge issued both an order and a judgment revoking Kocman=s
probation and sentencing him to eight years in prison.

Double Jeopardy

      Kocman=s argument is that the order and judgment revoking his probation are void. He says
they stem from the January 26, 1993, proceeding which violated his right against double jeopardy,
because jeopardy attached on November 11, 1992, when the court accepted his guilty plea and
found him guilty. U.S. Const. amend. V; Tex. Const. art. I, ' 14. The State argues, however,
that the rule in Ortiz v. State applies, i.e., that in a negotiated plea case, jeopardy attaches only
when the trial court accepts the plea bargain agreement. Ortiz v. State, 933 S.W.2d 102, 105
(Tex. Crim. App. 1996). The State also says Kocman did not make this or any other complaint
in 1993, and a complaint of double jeopardy is forfeited if not preserved in the trial court. 
Gonzalez v. State, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000); Tex. R. App. P. 33.1. We do
not have jurisdiction to review this issue. If a defendant is placed on regular probation, he may,
at that time, appeal on issues such as sufficiency of the evidence, the denial of a suppression
motion, or, as in this case, a violation of double jeopardy.


 Tex. Code Crim. Proc. Ann. art.
42.12, ' 23(b) (Vernon Supp. 2002); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999). The requirements in appellate rule 25.2(b)(3) concerning notice of appeal apply. Tex. R.
App. P. 25.2(b)(3); Vidaurri v. State, 49 S.W.3d 880, 882-84 (Tex. Crim. App. 2001) (citing
Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998)). If later the trial judge revokes
the probation, that decision is appealable, e.g., for whether the evidence was sufficient that the
defendant violated the terms of community supervision. Tex. Code Crim. Proc. Ann. art.
42.12, ' 23 (Vernon Supp. 2002); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992); DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987). In that event, the
requirements in appellate rule 25.2(b)(3) pertaining to notice of appeal do not apply. Tex. R.
App. P. 25.2(b)(3); Feagin, 967 S.W.2d at 419. Appellate review focuses on whether, through
the trial judge=s abuse of discretion, the defendant was not afforded due process of law. DeGay,
741 S.W.2d at 450; Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).
Neither of these situations applies in Kocman=s case. Therefore, we overrule this complaint.
Cruel and Unusual Punishment
When Kocman was convicted in 1993, delivery of marijuana in the amount of four ounces or
less but more than one-fourth ounce was a third-degree felony. Tex. Health & Safety Code
Ann. ' 481.120(b)(3) (Vernon 1989). By 2002, when he was sentenced to eight years in prison,
the statute had been amended to make delivery of five pounds or less of marihuana but more than
one-fourth ounce a state jail felony. Id. (Vernon Supp. 2002). Kocman argues that sentencing
him to more than two yearsCthe state-jail-felony maximum punishmentCis cruel and unusual
punishment. U.S. Const. amend. VIII; Tex. Const. art. I, ' 13.
We addressed this issue in Ali v. State, 26 S.W.3d 82 (Tex. App.CWaco 2000, no pet.). Ali
was convicted of possession of a forged driver=s license, a felony. Id. at 89. Subsequently, the
Legislature amended the statute and made the offense a Class C misdemeanor. Id. Ali argued that
he should be sentenced according to the misdemeanor. Id. We overruled his complaint because
Ahe was tried and sentenced in the same manner as all criminal defendants who committed similar
offenses prior to . . . the effective date of the revised statute.@ Id. For the same reason we
overrule Kocman=s complaint. 
Conclusion
Having overruled Kocman=s complaints, we affirm the judgment.



BILL VANCE
Justice

Before Chief Justice Davis,
Justice Vance, and
Justice Gray
Affirmed
Opinion delivered and filed November 27, 2002
Do not publish
[CR25]