**Carl Rainer KOCMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00090–CR.**

Court of Appeals of Texas,
Waco.

March 17, 2004.

Rehearing Overruled April 7, 2004.

Travis B. Bryan III, Bryan Stacy & Dillard L.L.P., Bryan, for appellant.

Bill R. Turner, Brazos County Dist. Atty., Kathryn Peterson, Brazos County Asst. Dist. Atty., Bryan, for appellee.

Before Chief Justice TOM GRAY, Justice BILL VANCE, and Justice REYNA.*

## MEMORANDUM OPINION

BILL VANCE, Justice.

Carl Rainer Kocman appeals from the revocation of his community supervision and sentence of eight years in prison. He raises constitutional claims of double jeopardy and cruel and unusual punishment. We will affirm the judgment.

### FACTS

The following facts are not in dispute:

- April 23, 1992: Kocman was indicted for delivery of marihuana.
- November 5, 1992: A written plea agreement, signed by Kocman and the State, was filed recommending nine months in the county jail pursuant to section 12.44 of the Penal Code, which at that time allowed for reduction of a third-degree felony to a Class A misdemeanor. TEX. PEN.CODE ANN. § 12.44 (Vernon 1989). The space for the judge's signature accepting the plea bargain was left blank.
- November 11, 1992: At a hearing, Kocman pled guilty and the terms of

---

* This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took office on January 5, 2004, participated in the decision.

the plea bargain were announced by the State. Kocman requested that sentencing be done after January 1. The judge administered the required admonishments, including the fact that Kocman could withdraw his plea if the judge did not follow the plea bargain. However, the judge did not tell Kocman whether he would approve the plea bargain. The judge signed and dated a written "Plea of Guilty, Waiver, Stipulation and Judicial Confession" signed by Kocman. The judge said: "The Court having heard your testimony and the evidence finds that you are guilty of the offense of delivery of a controlled substance, marijuana.... Accordingly, I'm going to reset your case so that a presentence investigation report can be done. Once that's been done you'll return back into Court for the Court to consider your plea bargain agreement and any sentencing at that time."

- January 8, 1993: During a brief hearing, the judge rejected the plea bargain agreement and excused the parties.

- January 26, 1993: A written plea agreement, signed by Kocman and the State, was approved by the judge and filed; it recommended ten years in prison, probated. A sentencing hearing was held during which the judge again received Kocman's plea of guilty and administered the required admonishments, including the fact that Kocman could withdraw his plea if the judge did not follow the plea bargain. The judge again referred to the "Plea of Guilty, Waiver, Stipulation and Judicial Confession" previously signed by Kocman. The judge struck through the date "November 11, 1992" beside the judge's signature and wrote in "January 26, 1993." The

judge said: "[T]he Court having heard your testimony and the evidence finds that you are guilty of the offense of delivery of a controlled substance, marijuana as charged.... Accordingly, I'm going to assess your punishment at ten years confinement.... However, I will suspend that penitentiary time, and you will be placed on probation for a period of ten years."

- July 26, 2001: The State filed a Motion to Revoke Community Supervision.

- January 7, 2002: Kocman filed a Motion to Quash State's Motion to Revoke Probation claiming, *inter alia,* a violation of his right against double jeopardy. He asserted that when the judge found him guilty at the November 11, 1992, hearing, jeopardy attached, making the adjudication at the January 26, 1993, hearing a violation of double jeopardy.

- February 28, 2002: At a hearing, the judge heard arguments about the motion to quash, after which he denied the motion. The judge then heard evidence about the grounds for revocation, after which he orally revoked Kocman's community supervision.

- March 14, 2002: The judge signed both an order and a judgment revoking Kocman's community supervision and sentencing him to eight years in prison.

## DOUBLE JEOPARDY

██ Kocman's argument is that the order and judgment revoking his probation are void, because the proceedings on January 26, 1993, violated the proscription against double jeopardy. He says jeopardy attached on November 11, 1992, when the trial court first accepted his guilty plea and found him guilty. U.S. CONST. amend.

V; TEX. CONST. art. I, § 14. The State argues, however, that the rule in *Ortiz v. State* applies, *i.e.*, that in a negotiated-plea case, jeopardy attaches only when the trial court accepts the plea-bargain agreement. *Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim.App.1996). The State also says Kocman did not make this or any other complaint in 1993, and a complaint of double jeopardy is ordinarily forfeited if not timely raised. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex.Crim.App.2000); TEX.R.APP. P. 33.1.

We will not decide when jeopardy attached or whether Kocman waived his double jeopardy complaint. Rather, we will assume without deciding that jeopardy attached at the November hearing and that the complaint was properly preserved and raised. Kocman's complaint fails for another reason.

■ There must be a jeopardy-terminating event after jeopardy attaches.[1] *Ex parte Queen*, 877 S.W.2d 752, 754 (Tex. Crim.App.1994); *Ramirez v. State*, 36 S.W.3d 660, 666 (Tex.App.-Waco 2001, pet. ref'd). "Absent a final judgment, [a criminal defendant] remains under the initial jeopardy." *Ex parte McAfee*, 761 S.W.2d 771, 773 (Tex.Crim.App.1988); *see also Ramirez*, 36 S.W.3d at 666. If jeopardy attached at the November hearing, it did not terminate until the judgment after the January hearing. Therefore, Kocman was not subjected to double jeopardy.

We overrule this complaint.

## CRUEL AND UNUSUAL PUNISHMENT

■ When Kocman was convicted in 1993, delivery of marihuana in the amount of four ounces or less but more than one-fourth ounce was a third-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.120(b)(3) (Vernon 1989). By 2002, when he was sentenced to eight years in prison, the statute had been amended to make delivery of five *pounds* or less of marihuana but more than one-fourth ounce a state jail felony. *Id.* (Vernon Supp. 2002). Kocman argues that sentencing him to more than two years—the state-jail-felony maximum punishment-is cruel and unusual punishment. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.

We addressed this issue in *Ali v. State*, 26 S.W.3d 82 (Tex.App.-Waco 2000, no pet.). Ali was convicted of possession of a forged driver's license, a felony. *Id.* at 89. Subsequently, the Legislature amended the statute and made the offense a Class C misdemeanor. *Id.* Ali argued that he should be sentenced according to the misdemeanor. *Id.* We overruled his complaint because "he was tried and sentenced in the same manner as all criminal defendants who committed similar offenses prior to ... the effective date of the revised statute." *Id.* For the same reason we overrule Kocman's complaint.

## CONCLUSION

Having overruled Kocman's complaints, we affirm the judgment.

Chief Justice TOM GRAY concurring.

TOM GRAY, Chief Justice, concurring.

Kocman complains that the order and judgment revoking his community supervi-

---

1. Ordinarily, there are three possible jeopardy-terminating events: (1) a final judgment of conviction or acquittal; (2) a trial court determination of legal insufficiency of the evidence leading to a directed verdict of acquittal; and (3) an unreversed determination on direct appeal that there was legally insufficient evidence to support the conviction. *See Ex parte McAfee*, 761 S.W.2d 771, 773 (Tex.Crim.App. 1988) (final judgment); *State v. Vanderbilt*, 973 S.W.2d 460, 462 (Tex.App.-Beaumont 1998, no pet.) (citing *Vanderbilt v. Collins*, 994 F.2d 189, 195 (5th Cir.1993)).

sion-probation are void. He says they stem from his conviction on January 26, 1993, a proceeding which he now contends violated his right against double jeopardy. He did not appeal his conviction in 1993, but now, almost ten years later, he tries to do so. We do not have jurisdiction to review the issue.

The majority addresses the merits of Kocman's double jeopardy issue without even mentioning whether or not Kocman can raise this issue on appeal of his revocation. He cannot. Ordinarily, the validity of the original conviction, from which no appeal is taken, cannot be raised on appeal from a revocation order. *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex.Crim.App. 1990). There is an exception: a void judgment. *Jordan v. State,* 54 S.W.3d 783, 785 (Tex.Crim.App.2001). But void judgments are rare. *Id.* There are only four recognized ways for a judgment to be void: (1) when the document purporting to be a charging instrument (*i.e.* indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument; (2) when the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law; (3) when the record reflects that there is no evidence to support the conviction; or (4) when an indigent defendant is required to face criminal trial proceedings without appointed counsel. *Nix v. State,* 65 S.W.3d 664, 668 (Tex.Crim.App.2001). This list is "very nearly" exclusive, and double jeopardy is not on it. *Id.*

Thus, Kocman cannot, through an appeal of his revocation, raise a double jeopardy claim to defeat his underlying conviction. Because he cannot raise the issue, we should not address its merits. This issue should be dismissed.

I concur in the majority's analysis and result of Kocman's remaining issue regarding cruel and unusual punishment. Accordingly, I concur in affirming the trial court's judgment.