

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00798-CR

Eric C. **MARS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR9994
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

Eric Mars was convicted by a jury of burglary of a habitation and sentenced to 10 years'

imprisonment.  On appeal, Mars contends that he received ineffective assistance of counsel.  We

affirm the trial court's judgment.

### BACKGROUND

Ann Pruski observed Mars sitting on the curb of her driveway.  Pruski approached Mars

and asked if he needed anything; however, Mars did not respond.  Later in the morning, Pruski left

her home but notified the San Antonio Police Department of the suspicious person.  Upon returning

to her home, Pruski found a broken window and an open door. Upon inspection of her home with SAPD, Pruski found her jewelry box missing. A car impound receipt, signed by Mars, was found inside Pruski's home by the broken window. During the investigation, a detective discovered Mars pawned Pruski's jewelry with his Texas driver's license. After Pruski identified Mars, Mars was arrested. Mars chose to testify at trial and asserted that he was never at Pruski's home, but had lent his vehicle to a friend who placed the receipt next to the broken window in an attempt to frame Mars as the burglar. The jury found Mars guilty of the charged offense.

### STANDARD OF REVIEW

The right to effective assistance of counsel is guaranteed through the Sixth Amendment to the United States Constitution and its counterpart in the Texas Constitution. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. An appellant may prevail on a claim for ineffective assistance of counsel if: 1) defense counsel's performance was deficient; and 2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs must be proven by a preponderance of the evidence in order for an appellant to prevail on an ineffective assistance of counsel claim. *See McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

To demonstrate trial counsel's performance was deficient, Mars must show that the "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. There is a presumption that trial counsel's representation was reasonable. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To overcome this presumption, Mars must establish ineffectiveness that is "firmly founded" and affirmatively demonstrated in the record. *Thompson*, 9 S.W.3d at 813. Trial counsel should ordinarily be given an opportunity to refute the claim before being denounced as ineffective. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Absent such an opportunity, a reviewing court should not find deficient performance unless counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Deficient performance is prejudicial to an accused when there is a "reasonable probability that the outcome of the trial would have been different" but for counsel's deficiency. *Ex parte LaHood*, 401 S.W.3d 45, 50 (Tex. Crim. App. 2013). A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**DISCUSSION**

Mars contends that trial counsel provided ineffective assistance by: 1) affirmatively eliciting on direct examination Mars' criminal history; 2) failing to request a hearing to exclude evidence of prior convictions under Texas Rule of Evidence 609(f); and 3) failing to request a limiting instruction at the time of the testimony.

### A.  *Affirmative Elicitation of Mars' Criminal History*

"[I]t is common practice for defense attorneys to elicit testimony [regarding a defendant's prior convictions] because doing so removes the sting from an attack that would otherwise come from the state." *Huerta v. State*, 359 S.W.3d 887, 891–92 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also Stone v. State*, 17 S.W.3d 348, 349 (Tex. App.—Corpus Christi 2000, pet. ref'd). In this case trial counsel may have elicited Mars' criminal history as part of a sound trial strategy to avoid later impeachment by the State. The record, however, is silent regarding the trial counsel's motivation for eliciting Mars' criminal history. "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002). Because the record

is silent as to the counsel's trial strategy, we presume that counsel performed reasonably. *Strickland*, 466 U.S. at 689. Therefore, Mars has failed to show trial counsel's performance was deficient in eliciting his criminal history.

### B. *Failure to Request a Hearing*

Mars next contends his trial counsel provided ineffective assistance by failing to request a hearing under Texas Rule of Evidence 609(f). Rule 609(f) states:

> Notice. Evidence of a conviction is not admissible if after timely written request by the adverse party specifying the witness or witnesses, the proponent fails to give to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

TEX. R. EVID. 609(f).

In this instance, Mars was the proponent of his prior convictions. As a result, the State was not required to provide Mars notice under Rule 609(f). Moreover, because trial counsel decided to elicit Mars' prior criminal history rather than await the State's use of Mars' history for purposes of impeachment, trial counsel had no reason to request a hearing to exclude the evidence of Mars' prior convictions. Therefore, Mars has not met his burden of proof to establish that trial counsel performed deficiently by failing to request a hearing under Rule 609(f).

### C. *Failure to Request Limiting Instruction*

Finally, Mars contends his trial counsel performed deficiently by failing to request a limiting instruction at the time of Mars' testimony. Although it is proper for a limiting instruction to be requested at the time of testimony, *see Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001); *see also* TEX. R. EVID. 105, the record is silent regarding trial counsel's reasons for not requesting such an instruction. Although "'hindsight speculation may suggest a limiting instruction'" should have been requested, trial counsel may have had a reason not to request the

instruction. *Agbowe v. State*, 414 S.W.3d 820, 837 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (quoting *Webb v. State*, 995 S.W.3d 295, 300-01 (Tex. App.—Houston [14th Dist.] 1999, no pet.)); *see also Ali v. State*, 26 S.W.3d 82, 88 (Tex. App.—Waco 2000, no pet.). Because the record is silent, we must presume trial counsel acted reasonably. *Thompson*, 9 S.W.3d at 813. Moreover, because the jury charge contained a limiting instruction and we presume the jury followed the charge, Mars would not likely be able to show that he was prejudiced by counsel's failure to request the instruction at the time the testimony was elicited. *See Lemons v. State*, 426 S.W.3d 267, 275 (Tex. App.—Texarkana 2013, pet. ref'd).

## CONCLUSION

Because Mars has not met his burden of overcoming the strong presumption that his trial counsel performed reasonably, we overrule his issue and affirm the trial court's judgment.

Catherine Stone, Chief Justice

DO NOT PUBLISH