**Ex parte Kevin Peter WARD.**

**No. 69630.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 17, 1986.

Kevin Peter Ward, pro se.

John B. Holmes, Jr., and Karrie Key, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding. See Article 11.07, V.A.C.C.P.; *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr. App.1967).

Applicant was convicted upon a felony information of the delivery of more than five pounds and less than 50 pounds of marihuana on March 30, 1982. His punishment was assessed at 10 years, probated. Subsequently on February 22, 1985, applicant's probation was revoked, and his punishment was reduced to five years' imprisonment. Sentence was imposed. No appeal was taken.

In his application applicant contends his conviction was based upon a guilty plea which was not knowingly and voluntarily entered because he was led to believe and did believe that the range of punishment for the offense alleged was from five to 99 years, when in fact the statute under which he was charged was unconstitutional. *See Ex parte Crisp,* 661 S.W.2d 956 (Tex.Cr. App.1982).

No evidentiary hearing was held, and the habeas record was forwarded to this Court. This Court ordered an evidentiary hearing so that applicant would be permitted to develop his allegations. The trial court, upon the affidavit of applicant's counsel at the time of the guilty plea, and record of the guilty plea, made certain findings. It found that at the time of the guilty plea the offense charged was a first-degree felony under the Controlled Substances Act (§ 4.05 of Article 4476–15, V.A.C.S.), as amended by H.B. 730, Acts 1981, 67th Leg., p. 702, ch. 268, that applicant was admonished as to the range of punishment for a first-degree felony at the time of the guilty plea; that there was no discussion between the court and applicant and his attorney as to the possible unconstitutionality of the statute under which applicant was being prosecuted; that applicant had not discussed with his counsel the possibility of the unconstitutionality of the statute; that

the Court of Criminal Appeals declared the statute unconstitutional in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983), and further held that the Controlled Substances Act in effect prior to the 1981 amendments remained the controlling law; that under that law the delivery of marihuana over five pounds and under 50 pounds was a third-degree felony; that had the applicant been properly admonished as to the range of punishment for a third-degree felony he would not have entered into a plea bargain agreement for the maximum number of years as punishment.

The trial court concluded as a matter of law that as a result of the improper admonishment applicant was not aware of the consequences of his plea, and that the plea of guilty was not knowingly or voluntarily given. The trial court recommended that applicant be granted relief.

This cause is unlike *Hurwitz v. State*, 700 S.W.2d 919 (Tex.Cr.App.1985), where the defendant charged with a like offense but knew of the unsettled state of the law regarding the constitutionality of the statute at the time of the plea, knew the erroneous admonishment might not be correct and was aware that the two years bargained for was minimum punishment regardless. There it was held the defendant was not misled by the admonishment.

The instant case is controlled by *Ex parte Smith*, 678 S.W.2d 78 (Tex.Cr.App. 1984), and applicant is entitled to relief as prayed for and as recommended by the trial court.

The judgment of conviction in trial court No. 344777 in the 262nd District Court for the delivery of marihuana is set aside, and the applicant is ordered released to the Sheriff of Harris County to answer the indictment in said cause. The clerk of this Court will furnish a copy of this opinion to the Department of Corrections.

It is so ordered.