**Roland Charles GRABOWSKI,
Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–97–00318–CR.**

Court of Appeals of Texas,
Eastland.

Aug. 24, 2000.

Ted Sansom, Rockwall, for appellant.

Galen Ray Sumrow, Crim. Dist. Atty., Rockwall, Matthew W. Paul, State Pros. Atty., Austin, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

ARNOT, Chief Justice.

### On Remand

The issue before this court is what may an appellant collaterally attack in an appeal perfected from a judgment adjudicating guilt. The Court of Criminal Appeals held in *Manuel v. State*, 994 S.W.2d 658 (Tex.Cr.App.1999), that an appellant may not collaterally attack the sufficiency of the evidence to support his original guilty plea in the direct appeal from a later judgment adjudicating his guilt. We hold that an appellant may collaterally attack the voluntariness of his original guilty plea but is precluded from raising complaints concerning irregularities in the trial court signing certain documents pursuant to TEX. CODE CRIM. PRO. ANN. arts. 1.13 and 1.15 (Vernon Supp.2000).

### Procedural History

In 1996, appellant originally entered a plea of guilty to the offense of burglary of a habitation. A plea bargain agreement was not reached. The trial court deferred the adjudication of guilt and placed appellant on community supervision for eight years. At the 1997 hearing on the State's motion to adjudicate guilt, appellant entered pleas of true to the allegations that he violated the terms and conditions of his community supervision. The trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, and assessed a sentence of confinement for 10 years. The trial court determined that it was in appellant's best interest to suspend the imposition of the sentence and placed appellant on "regular" community supervision for 10 years with the requirement that he participate in the S.A.F.P.F. program.

On May 6, 1999, in an unpublished opinion, this court sustained appellant's contention that the trial court erred by failing to sign his waiver of rights under Article 1.15 and reversed and remanded the case. The Court of Criminal Appeals granted the State's petition for discretionary review and remanded the case to our court for reconsideration in light of *Manuel*. *Grabowski v. State*, No. 1325–99 (Tex.Cr.App., November 22, 1999)(not reported). Appellant has not filed a brief on remand; therefore, we will reexamine the three issues in his brief.

### Manuel v. State

In *Manuel*, the defendant entered a plea of guilty. The adjudication of his guilt was deferred, and he was placed on "deferred" community supervision. The defendant did not perfect an appeal. Later, when his "deferred" community supervision was revoked and his guilt was adjudicated, the defendant perfected an appeal and challenged the sufficiency of evidence to support his guilty plea. The Court of Criminal Appeals stated:

In 1987, Article 44.01(j) was enacted, and it made a significant change in deferred adjudication law. We have determined that the legislative intent in enacting Article 44.01(j) was to permit defendants to appeal from deferred adjudication community supervision to the same extent (i.e., with the same rights

and restrictions) as defendants are permitted to appeal from "regular" community supervision. *Feagin v. State*, 967 S.W.2d 417, 419 n. 2 (Tex.Crim.App. 1998); *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996); *Kirby v. State*, 883 S.W.2d 669, 671 n. 3 (Tex. Crim.App.1994); *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex.Crim.App.1991).

We have long held that a defendant placed on "regular" community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed. *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App.1990); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex.Crim.App. 1978); *Patterson v. State*, 487 S.W.2d 736, 737 (Tex.Crim.App.1972); *Pitts v. State*, 442 S.W.2d 389, 390 (Tex.Crim. App.1969); *Gossett v. State*, 162 Tex. Crim. 52, 282 S.W.2d 59, 62 (1955). That is, such issues may not be raised in appeals filed after "regular" community supervision is revoked. Given the legislative intent behind Article 44.01(j), we now hold that this rule also applies in the deferred adjudication context. In other words, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed. (Footnote omitted)

The *Manuel* court then held that, by failing to appeal at the time he was placed on "deferred" community supervision, the defendant could not now challenge the sufficiency of the evidence to support his original guilty plea in his appeal from the subsequent order adjudicating guilt and revoking his supervision.

 *Manuel* limits the collateral attacks which may be raised on the original

guilty plea where the adjudication of guilt is initially deferred and an appeal is not perfected until a subsequent judgment revoking "deferred" community supervision and adjudicating guilt is entered. Traditionally, collateral attacks are limited to issues which render the underlying judgment void and are not allowed to challenge irregularities that might render the judgment voidable. *Ex parte Sadberry*, 864 S.W.2d 541 (Tex.Cr.App.1993); *Galloway v. State*, 578 S.W.2d 142 (Tex.Cr.App. 1979); *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.1976). Errors, which if raised on direct appeal would have resulted in a reversal, are not automatically subject to collateral attack. *Galloway v. State, supra*. We note that the court, in *Manuel*, was concerned only with the sufficiency of the evidence to support the underlying guilty plea and that the voluntariness of the plea was not an issue.

### Appellant's Arguments on Appeal

In three issues, appellant attacks his 1996 plea of guilty. In his first and third issues, appellant contends that the trial court's failure to sign the "written plea admonishments" form beneath appellant's signature was reversible error.[1] In his second issue, appellant argues that his guilty plea was not freely and voluntarily entered. We will first address his challenges to the trial court's failure to sign the admonishment form.

### Irregularities in the Written Admonishment Form

 The record reflects that the trial court did not sign the preprinted form in the appropriate places and that no objection was made. This failure to sign does not render the action of the trial court void but rather is an irregularity which at best would render the trial court's action voidable. Violations of Article 1.13 have not been subject to collateral attack. *Ex parte*

---

1. Appellant does not contend that the failure to comply with Articles 1.13 and 1.15 in any

way affected the voluntariness of his plea.

*Sadberry, supra; Robinson v. State,* 739 S.W.2d 795 (Tex.Cr.App.1987); *State v. Garcia,* 905 S.W.2d 7 (Tex.App.—San Antonio 1995, pet'n ref'd). While the failure of the trial court to sign as required by Article 1.15 is reversible error when raised on direct appeal under *McClain v. State,* 730 S.W.2d 739 (Tex.Cr.App.1987), and *Messer v. State,* 729 S.W.2d 694 (Tex.Cr. App.1986), we find that it is also an irregularity which at best might render the trial court's action voidable and, therefore, cannot be raised collaterally. Pursuant to *Manuel,* appellant should have raised these complaints in a direct appeal from the 1996 order deferring the adjudication of his guilt and placing him on "deferred" community supervision. See *Marshall v. State,* 995 S.W.2d 880 (Tex.App.—Houston [1st Dist.1999] pet'n ref'd). The first and third issues are not properly before us and are overruled.

*Voluntariness of the Original Guilty Plea*

■■■ A guilty plea must be knowingly and voluntarily entered to be constitutionally valid. See *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). TEX. CODE CRIM. PRO. ANN. art. 26.13(b) (Vernon 1989) provides that "[n]o plea of guilty...shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." A guilty plea is not to be accepted unless it is entered freely and voluntarily. Therefore, an involuntary guilty plea may render a judgment void, and collateral attacks on the voluntariness of an "original" guilty plea have been allowed by various means: (1) appeal from the revocation of "regular" community supervision, *Hardman v. State,* 614 S.W.2d 123 (Tex.Cr.App.1981); *Clark v. State,* 997 S.W.2d 365 (Tex.App.—Dallas 1999, no pet'n)(second case decided in opinion); *Grant v. State,* 989 S.W.2d 428 (Tex.App.—Houston [14th Dist.] 1999, no pet'n); *Myers v. State,* 780 S.W.2d 441 (Tex.App.—Texarkana 1989, pet'n ref'd); *Solis v. State,* 673 S.W.2d 270 (Tex.App.— Corpus Christi 1984), *aff'd,* 718 S.W.2d 282

(Tex.Cr.App.1986); *Morris v. State,* 658 S.W.2d 770 (Tex.App.—Beaumont 1983, no pet'n); (2) appeal from the subsequent adjudication of guilt, *Martinez v. State,* 981 S.W.2d 195 (Tex.Cr.App.1998); *Brown v. State,* 943 S.W.2d 35 (Tex.Cr.App.1997); *Ray v. State,* 919 S.W.2d 125 (Tex.Cr.App. 1996); *Hughes v. State,* 833 S.W.2d 137 (Tex.Cr.App.1992); *Brunson v. State,* 995 S.W.2d 709 (Tex.App.—San Antonio 1999, no pet'n); *Gorham v. State,* 981 S.W.2d 315 (Tex.App.—Houston [14th Dist.] 1998, pet'n ref'd), *cert. den'd,* —— U.S. ——, 120 S.Ct. 157, 145 L.Ed.2d 133 (1999); and (3) post-conviction habeas corpus, *Ex parte Moody,* 991 S.W.2d 856 (Tex.Cr.App.1999); *Ex parte Morrow,* 952 S.W.2d 530 (Tex.Cr. App.1997); *Ex parte Martin,* 747 S.W.2d 789 (Tex.Cr.App.1988); *Ex parte Ward,* 716 S.W.2d 529 (Tex.Cr.App.1986); *Ex parte Williams,* 704 S.W.2d 773 (Tex.Cr. App.1986); *Ex parte Smith,* 678 S.W.2d 78 (Tex.Cr.App.1984).

■■■ We are aware that other courts of appeals have held that *Manuel* prohibits collateral attacks on the voluntariness of the original plea in the appeal from the later adjudication of guilt. *Rodriguez v. State,* 20 S.W.3d 857 (Tex.App.—El Paso 2000, no pet'n h.); *Webb v. State,* 20 S.W.3d 834 (Tex.App.—Amarillo 2000, no pet'n); *Daniel v. State,* 13 S.W.3d 68 (Tex. App.—Amarillo 2000, no pet'n); *Hanson v. State,* 11 S.W.3d 285 (Tex.App.—Houston [14th Dist.] 1999, pet'n pending); *Clark v. State, supra* (first case decided in opinion). We respectfully decline to interpret *Manuel* as precluding a challenge to the voluntariness of the original guilty plea and hold that, as in "regular" community supervision revocation appeals, voluntariness of the underlying guilty plea may be challenged in the appeal from subsequent adjudication of guilt. We acknowledge that, while voluntariness may be challenged collaterally, the attack may not be successful.

■■■ Appellant argues that the trial court failed to properly admonish him and, therefore, that his guilty plea was not vol-

untarily entered. Specifically, appellant contends that the trial court failed to substantially comply with TEX. CODE CRIM. PRO. ANN. art. 26.13 (Vernon 1989 & Supp.2000) because the issues of whether he was competent, whether he was encouraged or coerced to enter his plea, and whether he waived the 10 days in which to file written pleadings under TEX. CODE CRIM. PRO. ANN. art. 27.11 (Vernon 1989) were not determined.

In open court, appellant's trial counsel stated that appellant was waiving arraignment, was waiving his right to a grand jury, and was admitting his guilt. Counsel requested that the trial court proceed with the hearing and allow a presentence investigation report. The trial court questioned counsel concerning appellant's competency. The trial court then asked appellant in open court if he wished to waive his right to trial by jury; if he wished to proceed with his case at that time; if he had ever been found to be incompetent; if a doctor had ever told him that he was "crazy"; if he was pleading guilty because "somebody [was] going to pay you money or anything else"; if anyone had threatened him or placed in him any fear "to cause [him] to enter this plea of guilty"; if he had read and understood the stipulations and admonishments; if he understood that, because of his waiver, he would be going to trial that same day; if he understood he was waiving his right to indictment and to formal arraignment; if he was a citizen of the United States; and if he understood the consequences if he was not a citizen. The trial court substantially complied with Article 26.13. The second issue is overruled.

The judgment of the trial court is affirmed.