Carl Rainer Kocman v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-090-CR

     CARL RAINER KOCMAN,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 21,237-361
                                                                                                                
                                                                                                         
OPINION ON PETITION FOR DISCRETIONARY REVIEW
                                                                                                                

      Carl Rainer Kocman appeals from the revocation of his community supervision and sentence
of eight years in prison. He raises constitutional claims of double jeopardy and cruel and unusual
punishment. In an opinion dated November 27, 2002, we affirmed the judgment. Now, in
response to Kocman’s Petition for Discretionary Review, and to further address whether we have
jurisdiction over his double jeopardy issue, we withdraw our earlier opinion and issue this one.
Facts
      Because the order and timing of events are central to Kocman’s arguments, we will set them
out in some detail.
      •    April 23, 1992: Kocman was indicted for delivery of marihuana.
 
      •    November 5, 1992: A written plea agreement, signed by Kocman and the State, was filed
recommending nine months in the county jail pursuant to section 12.44 of the Penal
Code, which at that time allowed for reduction of a third-degree felony to a Class A
misdemeanor. Tex. Pen. Code Ann. § 12.44 (Vernon 1989). The space for the judge’s
signature accepting the plea bargain was left blank.
 
      •    November 11, 1992: At a hearing, Kocman pled guilty and the terms of the plea bargain
were announced by the State. Kocman requested that sentencing be done after January
1. The judge administered the required admonishments, including the fact that Kocman
could withdraw his plea if the judge did not follow the plea bargain. However, the judge
did not tell Kocman whether he would approve the plea bargain. The judge signed and
dated a written “Plea of Guilty, Waiver, Stipulation and Judicial Confession” signed by
Kocman. The judge said: “The Court having heard your testimony and the evidence
finds that you are guilty of the offense of delivery of a controlled substance, marijuana
. . . . Accordingly, I’m going to reset your case so that a presentence investigation
report can be done. Once that’s been done you’ll return back into Court for the Court
to consider your plea bargain agreement and any sentencing at that time.”
 
      •    January 8, 1993: During a brief hearing, the judge rejected the plea bargain agreement
and excused the parties.
 
      •    January 26, 1993: A written plea agreement, signed by Kocman and the State, was
approved by the judge and filed; it recommended ten years in prison, probated. A
sentencing hearing was held during which the judge again received Kocman’s plea of
guilty and administered the required admonishments, including the fact Kocman could
withdraw his plea if the judge did not follow the plea bargain. The judge again referred
to the “Plea of Guilty, Waiver, Stipulation and Judicial Confession” previously signed
by Kocman. The judge struck through the date “November 11, 1992" beside the judge’s
signature and wrote in “January 26, 1993.” The judge said: “[T]he Court having heard
your testimony and the evidence finds that you are guilty of the offense of delivery of a
controlled substance, marijuana as charged . . . . Accordingly, I’m going to assess your
punishment at ten years confinement . . . . However, I will suspend that penitentiary
time, and you will be placed on probation for a period of ten years.”
 
      •    July 26, 2001: The State filed a Motion to Revoke Community Supervision.
 
      •    January 7, 2002: Kocman filed a Motion to Quash State’s Motion to Revoke Probation
claiming, inter alia, a violation of his right against double jeopardy. He asserted that
when the judge found him guilty at the November 11, 1992, hearing, jeopardy attached,
making the adjudication at the January 26, 1993, hearing a violation of double jeopardy.
 
      •    February 28, 2002: At a hearing, the judge heard arguments about the motion to quash,
after which he denied the motion. The judge then heard evidence about the grounds for
revocation, after which he revoked Kocman’s community supervision.
 
      •    March 14, 2002: The judge issued both an order and a judgment revoking Kocman’s
community supervision and sentencing him to eight years in prison.

Double Jeopardy

      Kocman’s argument is that the order revoking his community supervision and the judgment
are void, because they are pursuant to a conviction which violates double jeopardy. He says they
stem from the January 26, 1993, proceeding which violated his right against double jeopardy,
because jeopardy attached on November 11, 1992, when the court accepted his guilty plea and
found him guilty. U.S. Const. amend. V; Tex. Const. art. I, § 14. The State argues, however,
that the rule in Ortiz v. State applies, i.e., that in a negotiated plea case, jeopardy attaches only
when the trial court accepts the plea bargain agreement. Ortiz v. State, 933 S.W.2d 102, 105
(Tex. Crim. App. 1996). The State also says Kocman did not make this or any other complaint
in 1993, and a complaint of double jeopardy is forfeited if not preserved in the trial court. 
Gonzalez v. State, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000); Tex. R. App. P. 33.1.
      Regardless of the positions of the parties, we must first ask whether we have jurisdiction to
review Kocman’s complaint of double jeopardy. The answer is found in the requirements in the
Code of Criminal Procedure and the principles laid out by the Court of Criminal Appeals about
what issues concerning community supervision can be appealed, and when. “[O]ur lawmakers
may deny the right to appeal entirely or the right to appeal only some things or the right to appeal
all things only under some circumstances.” Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim.
App. 1993).
      The Texas Constitution permits a court to grant community supervision. Tex. Const. art.
IV, § 11-a. But a trial court has discretion about whether it places a defendant on regular
community supervision or deferred-adjudication community supervision. Tex. Code Crim. Proc.
Ann. art. 42.12, §§ 3(a), 5(a) (Vernon Supp. 2003); DeGay v. State, 741 S.W.2d 445, 449 (Tex.
Crim. App. 1987) (no right to community supervision).
      If the court places the defendant on regular community supervision, then the defendant may,
at that time but only then, appeal on issues relating to the conviction, such as sufficiency of the
evidence to support the plea.


 Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp.
2003); Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). Issues then ripe for
appeal also include whether the original plea was involuntary and whether counsel at the original
hearing was ineffective. Webb v. State, 20 S.W.3d 834, 836 (Tex. App.—Amarillo 2000, no
pet.); contra Grabowski v. State, 27 S.W.3d 594, 598 (Tex. App.—Eastland 2000, no pet.)
(“voluntariness” may be raised later). They also include a complaint about the trial court’s failure
to sign an admonishments form. Grabowski, 27 S.W.3d at 598. If there is a plea bargain
agreement, the requirements of appellate Rule 25.2 apply on appeal. Tex. R. App. P. 25.2
(amended January 1, 2003); Manuel, 994 S.W.2d at 662; Vidaurri v. State, 49 S.W.3d 880, 883-84 (Tex. Crim. App. 2001) (citing Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App.
1998)).
      If a defendant is convicted and placed on regular community supervision, and later the trial
judge revokes it, the decision to revoke is appealable, e.g., for whether the evidence was sufficient
that the defendant violated the terms of community supervision and whether the State exercised
due diligence. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b); Feagin, 967 S.W.2d at 418
(due diligence); DeGay, 741 S.W.2d at 449 (sufficiency, and improper delegation by the court of
conditions of community supervision). In that event, the requirements in appellate rule 25.2 do
not apply. Tex. R. App. P. 25.2; Feagin, 967 S.W.2d at 419. Appellate review focuses on
whether, through the trial judge’s abuse of discretion, the defendant was not afforded due process
of law. DeGay, 741 S.W.2d at 450; Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App.
1984).



      Here, the question of double jeopardy arose during the original proceedings in 1993. Under
the Code of Criminal Procedure and the dictates of the Court of Criminal Appeals, Kocman should
have raised the issue on appeal in 1993 when he was placed on community supervision. He may
not wait nine years and raise it at a revocation proceeding.
      But Kocman argues that the judgment is void because of a double jeopardy violation, and
voidness of a judgment is an issue that can be raised at any time. In Nix v. State, the Court of
Criminal Appeals stated exceptions which allow for an appeal at a later time (e.g., after a
revocation hearing) based on issues from the original proceeding at which community supervision
was ordered: (1) the judgment is void for lack of jurisdiction in the trial court, (2) an indigent
defendant was not provided counsel, or (3) the defendant filed an application for a writ of habeas
corpus to be heard along with the revocation. Nix v. State, 65 S.W.3d 664, 667-69 (Tex. Crim.
App. 2001). We include in “1" a judgment void for any reason.
      To resolve Kocman’s argument that a violation of a double jeopardy right voids a judgment,
we refer to the Court of Criminal Appeals’s opinion in Gonzalez v. State, 8 S.W.3d at 640. The
Court in part addressed the issue of how to classify under Marin a double jeopardy violation. 
Marin, 851 S.W.2d at 279-80. The Court rejected the conclusion that a category two right is
involved, i.e., that the double jeopardy complaint must be affirmatively waived. Gonzalez, 8
S.W.3d at 645.


 Rather, the Court held that, under some circumstances, the complaint can be
forfeited if not raised in the trial court. Id. at 642. The Court did not, however, couch its
conclusion under Marin. The test for whether preservation is required is whether (1) the double
jeopardy violation is clearly apparent on the face of the record, and (2) enforcement of usual rules
of procedural default serves no legitimate state interests. Id. at 643; Barnett v. State, 83 S.W.3d
810, 813 (Tex. App.—Texarkana 2002, no pet.) (applying Gonzalez); Roy v. State, 76 S.W.3d
87, 93-95 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (applying Gonzalez). Notably, the
Court did not discuss placing double jeopardy in Marin’s category one, to which complaints about
void judgments are assigned. Based on Gonzalez, we conclude that a violation of the right against
double jeopardy does not void a judgment.
      But regardless of that conclusion, Kocman’s argument confuses the matter of preservation of
a complaint for appellate review with the question of our jurisdiction to review a complaint. There
may be circumstances in which, although a complaint was preserved or need not have been
preserved, yet we are without jurisdiction to review it. Here, the issue of preservation pertains
to whether Kocman could have raised the double jeopardy issue in an appeal in 1993 from his
original conviction, even though he did not complain about it in the trial court. Whether we have
jurisdiction in 2003 to review the complaint in an appeal from a revocation proceeding is a
separate matter.
      As a final matter regarding Kocman’s double jeopardy complaint, even though we have
determined that Kocman should have raised the complaint in 1993, it is true that at the 2002
revocation hearing, the trial court considered, and denied, Kocman’s motion to quash due to a
violation of double jeopardy. The court reasoned that the plea agreement was not accepted until
January 26, 1993, and so jeopardy had not attached until then. Ortiz, 933 S.W.2d at 105. Under
our holding today, the court could, and perhaps should, have refused to address the issue because
it was procedurally barred. Nevertheless, the fact that the court considered and ruled on
Kocman’s motion does not convert his barred double jeopardy complaint into one that may now
be appealed. To hold otherwise would enable an appellant to circumvent any barred complaint
simply by raising it in the trial court and obtaining an adverse ruling.
      We overrule this complaint.
Cruel and Unusual Punishment
      When Kocman was convicted in 1993, delivery of marijuana in the amount of four ounces or
less but more than one-fourth ounce was a third-degree felony. Tex. Health & Safety Code
Ann. § 481.120(b)(3) (Vernon 1989). By 2002, when he was sentenced to eight years in prison,
the statute had been amended to make delivery of five pounds or less of marihuana but more than
one-fourth ounce a state jail felony. Id. (Vernon Supp. 2002). Kocman argues that sentencing
him to more than two years—the state-jail-felony maximum punishment—is cruel and unusual
punishment. U.S. Const. amend. VIII; Tex. Const. art. I, § 13.
      We addressed this issue in Ali v. State, 26 S.W.3d 82 (Tex. App.—Waco 2000, no pet.). Ali
was convicted of possession of a forged driver’s license, a felony. Id. at 89. Subsequently, the
Legislature amended the statute and made the offense a Class C misdemeanor. Id. Ali argued that
he should be sentenced according to the misdemeanor. Id. We overruled his complaint because
“he was tried and sentenced in the same manner as all criminal defendants who committed similar
offenses prior to . . . the effective date of the revised statute.” Id. For the same reason we
overrule Kocman’s complaint.
Conclusion
      Having overruled Kocman’s complaints, we affirm the judgment.
      We withdraw the opinion dated November 27, 2002, and substitute this opinion therefor. 
Tex. R. App. P. 50. Kocman’s Petition for Discretionary review is dismissed by operation of law. 
Id.
                                                                   BILL VANCE
                                                                   Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray not participating)
Affirmed
Opinion delivered and filed March 17, 2003
Do not publish
[CR25]