Opinion filed March 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed March 19,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00299-CR 

                                            __________

 

                                 DONNIE
MCCUTCHEON, Appellant

 

                                                             V.

     

                                       
STATE OF TEXAS, Appellee

 



 

                                             On Appeal
from the 213th District Court

 

                                                           Tarrant
County, Texas

 

                                                   Trial
Court Cause No. 0965653D

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This is an appeal
from a judgment adjudicating guilt.  We dismiss for lack of jurisdiction. 








On
November 21, 2006, Donnie McCutcheon entered a plea of guilty to possession
with intent to deliver cocaine in the amount of four grams or more, but less
than 200 grams.  Appellant pleaded true to an enhancement that alleged a deadly
weapon was used in the commission of the offense.  The trial court deferred the
adjudication of guilt and placed appellant on community supervision for eight
years.  On May 1, 2007, the State filed a Petition to Proceed with
Adjudication.  Appellant entered pleas of true to the State=s allegations that he
violated the terms and conditions of his community supervision.  The trial
court adjudicated appellant guilty of the offense and sentenced him to fifteen
years confinement in the Texas Department of Criminal Justice, Institutional
Division.

Appellant
argues in two issues that the trial court erred in adjudicating him guilty of
possession of a controlled substance and in making a deadly weapon affirmative
finding because the evidence was insufficient to support the conviction and the
affirmative finding. 

A
defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding, such as evidentiary
sufficiency, only in appeals taken when deferred adjudication community
supervision is first imposed.  Jordan v. State, 54 S.W.3d 783, 788 (Tex.
Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999).  Issues relating to the original plea proceeding cannot be raised
following revocation of the deferred community supervision.  Manuel, 994
S.W.2d at 661-62; Grabowski v. State, 27 S.W.3d 594, 596-97 (Tex. App.CEastland 2000, no pet.). 
By failing to appeal at the time he was placed on deferred community
supervision, appellant did not timely perfect his appeal.  See Tex. R. App. P. 26.2(a)(1).  Therefore,
we lack the authority to address appellant=s
issues.

We
dismiss the appeal for lack of jurisdiction.

 

 

RICK STRANGE

JUSTICE

 

March 19, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J.