**Opinion filed March 19, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00299-CR

_____

## DONNIE MCCUTCHEON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 213th District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 0965653D**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating guilt.  We dismiss for lack of jurisdiction.

On November 21, 2006, Donnie McCutcheon entered a plea of guilty to possession with intent to deliver cocaine in the amount of four grams or more, but less than 200 grams.  Appellant pleaded true to an enhancement that alleged a deadly weapon was used in the commission of the offense.  The trial court deferred the adjudication of guilt and placed appellant on community supervision for eight years.  On May 1, 2007, the State filed a Petition to Proceed with Adjudication.  Appellant entered pleas of true to the State's allegations that he violated the terms and conditions

of his community supervision. The trial court adjudicated appellant guilty of the offense and sentenced him to fifteen years confinement in the Texas Department of Criminal Justice, Institutional Division.

Appellant argues in two issues that the trial court erred in adjudicating him guilty of possession of a controlled substance and in making a deadly weapon affirmative finding because the evidence was insufficient to support the conviction and the affirmative finding.

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed. *Jordan v. State*, 54 S.W.3d 783, 788 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Issues relating to the original plea proceeding cannot be raised following revocation of the deferred community supervision. *Manuel*, 994 S.W.2d at 661-62; *Grabowski v. State*, 27 S.W.3d 594, 596-97 (Tex. App.—Eastland 2000, no pet.). By failing to appeal at the time he was placed on deferred community supervision, appellant did not timely perfect his appeal. *See* TEX. R. APP. P. 26.2(a)(1). Therefore, we lack the authority to address appellant's issues.

We dismiss the appeal for lack of jurisdiction.

RICK STRANGE
JUSTICE

March 19, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.