Opinion filed April 23, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00380-CR
_____

## CHRISTOPHER LYNN VUICICH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F34011**

## M E M O R A N D U M   O P I N I O N

Christopher Lynn Vuicich, Appellant, as part of a plea bargain, pleaded guilty to assault causing bodily injury to a family member.[1]  In accordance with the plea agreement, the trial court placed Appellant on deferred adjudication for eight years and imposed a $2,000 fine.  Later, after the State moved to adjudicate Appellant's guilt, the trial court held an evidentiary hearing, found that Appellant

---

[1]The State had alleged three enhancement paragraphs but abandoned them as part of the plea bargain.

had violated four conditions of his community supervision,[2] adjudicated his guilt, assessed punishment at confinement for ten years, and ordered Appellant to pay any remaining portion of the $2,000 fine. The trial court then sentenced Appellant and ordered his sentence to run consecutively to a prior conviction.[3] Appellant argues, in his sole issue, that the trial court erred when it failed to warn him that one consequence of his guilty plea was that the trial court could "stack" or cumulate his sentence. We affirm.

## I. *Charged Offense and Evidence at Revocation Hearing*

Because Appellant does not advance a sufficiency challenge, we recite only the facts necessary to review his appeal. The grand jury indicted Appellant for intentionally or knowingly causing bodily injury to K.M., a person with whom Appellant had or had had a dating relationship, by striking her. Shortly after Appellant was placed on deferred adjudication, the State moved to adjudicate because Appellant had violated his community supervision; the State also filed a notice of intent to cumulate.

## II. *Analysis*

A trial court has the discretion to order that a sentence run consecutively to a sentence imposed in a prior conviction. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2014); *Branson v. State*, 525 S.W.2d 187, 189 (Tex. Crim. App. 1975). Article 26.13 of the Texas Code of Criminal Procedure provides that the trial court, prior to accepting a guilty plea, must admonish the defendant on the

---

[2]Appellant pleaded "true" to an allegation that he had violated curfew by staying in a Breckenridge hotel without first getting approval from his probation officer.

[3]Appellant was convicted of unlawful possession of a firearm in Cause No. 04-20282 in the 91st District Court in Eastland County, Texas, on March 21, 2005. He was sentenced in 2005 to confinement for twenty-five years, but he was released on parole in 2012. His parole for this conviction would not be completed until 2029. At the time of the hearing in the present case, a blue warrant had been issued for a parole violation in the Eastland County case, and a revocation hearing was pending.

range of punishment for the offense and that the defendant must appear to be mentally competent and to be making his plea freely and voluntarily. CRIM. PROC. art. 26.13(a)(1), (b).

As we outlined in *Engleton v. State*, "[i]n an appeal from a judgment adjudicating guilt, an attack on the original plea of guilty is prohibited unless the judgment is void." *Engleton v. State*, No. 11-11-00017-CR, 2012 WL 4754914, at *1 (Tex. App.—Eastland Oct. 4, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001)).[4] In this case, neither the order in which the trial court deferred adjudication and placed Appellant on community supervision nor the subsequent judgment of the trial court in which it revoked Appellant's community supervision and adjudicated Appellant's guilt is void. *See Nix*, 65 S.W.3d at 668 n.14. Here, as in *Engleton*, Appellant cannot challenge the voluntariness of his plea in this appeal. *Engleton*, 2012 WL 4754914, at *1.

Appellant argued that the court had to admonish him about the possibility of cumulative sentences. When a trial court grants a deferred adjudication, it must inform the defendant of the possible consequences of a violation of community supervision. *See* CRIM. PROC. art. 42.12, § 5(a), (b). The Court of Criminal Appeals has held that direct consequences are those that are "definite and largely or completely automatic." *Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004). A trial court must advise a defendant of "direct consequences that are punitive in nature or specifically enunciated in the law." *Id.* at 136. The Court of

---

[4]As we noted in Footnote No. One in *Engleton*, *Nix* and *Jordan* are controlling precedent in this case, and our decision in *Grabowski v. State*, 27 S.W.3d 594 (Tex. App.—Eastland 2000, no pet.), in which we held that an appellant may attack the voluntariness of his original guilty plea after adjudication of guilt, was decided prior to either *Nix* or *Jordan*. *Engleton*, 2012 WL 4754914, at *1.

Criminal Appeals also has outlined that a "collateral" consequence is one that "lies within the discretion of the court whether to impose it, or where its imposition is controlled by an agency which operates beyond the direct authority of the trial judge." *Id.* at 134 n.4 (quoting *United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir. 1997)) (internal quotation marks omitted).

When the Texas Court of Criminal Appeals addressed this particular issue, it held, "We do not agree that Article 26.13, supra, obligates the trial court to inform an accused pleading guilty or nolo contendere of its discretion to cumulate sentences when admonishing him of the consequences of his plea." *Simmons v. State*, 457 S.W.2d 281, 283 (Tex. Crim. App. 1970). "Neither article 26.13 nor 42.12, section 5(b) requires the trial court to admonish on consecutive or cumulative sentences."[5] *Fletcher v. State*, No. 05-91-01798-CR, 1992 WL 389788, at *2 (Tex. App.—Dallas Dec. 28, 1992, no pet.) (not designated for publication). The trial court did not abuse its discretion when it cumulated Appellant's sentence without having warned him of that possibility. We overrule Appellant's sole issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE

April 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[5]We note that the imposition of consecutive sentences is not a direct consequence of a guilty plea and that various courts have held that a plea is not rendered involuntary by the trial court's failure to warn of such a possibility. *McGrew v. State*, 286 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2008, no pet.).