CAUSE NO. PD-06030-15

IN THE
TEXAS COURT OF CRIMINAL APPEALS FOR THE
AUSTIN, TEXAS

_____

NO. 11-13-00380-CR
In the Court of Appeals for the
Eleventh District of Texas
Eastland, Texas

_____

CHRISTOPHER LYNN VUICICH,

APPELLANT,

V.

STATE OF TEXAS,

APPELLEE,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
PETITION FOR DISCRETIONARY REVIEW
OF APPELLANT CHRISTOPHER LYNN VUICICH
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Russell W. King
State Bar No. 11463400
19211 S. U.S. HWY. 377
Dublin, Texas 76446
254-968-8777
254-445-2751 Fax

ATTORNEY FOR APPELLANT

RECEIVED IN
COURT OF CRIMINAL APPEALS

June 25, 2015

ABEL ACOSTA, CLERK

**Oral Argument Not Requested**

**Table of Contents**

Page

IDENTITY OF PARTIES…………………………………………………ii

TABLE OF CONTENTS…………………………………………………...iii

TABLE OF AUTHORITIES…………………………………………..…iv

STATEMENT OF THE CASE

AND PROCEDURAL HISTORY……………………………………………1

GROUNDS FOR REVIEW……………………………………….………2

ARGUMENT……………………………………………………...3

PRAYER………………………………………………………...5

CERTIFICATE OF SERVICE……………………………..………………6

CERTIFICATE OF WORD COUNT…………………………………………6

Index of Authorities

<u>Cases</u>

*Boykin v. Alabama,* 395 U.S. 238, 242-243 (1969)…………………4

*Brady v. U.S.,* 397 U.S. 742, 748 (1970)……………………………..4

*Mitschke v. State*, 129 S.W.3d 130 (2004)…………………………..4, 5

Constitution and Statutes

*U.S. Const. Amend. V*……………………………………………………….4,5

*U.S. Const. Amend. XIV, § 1*……………………………………………..4,5

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

This is a case involving a criminal prosecution for Assault Family Violence with a prior conviction. Appellant was charged by indictment. On September 26th, 2013, Appellant and the State came to agreement on a Plea Bargain Agreement under the terms of which Appellant agreed to Plea Guilty in exchange for a recommendation of deferred adjudication probation. On December 13th, 2013, the State filed it Amended Motion to Proceed to Adjudication. On December 19th, 2013, the Trial Court conducted an evidentiary hearing on the State's Amended Motion to Proceed to Adjudication. At the conclusion of that hearing, the Trial Court found that Appellant had violated the terms and conditions of his probation, adjudicated Appellant Guilty and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice. The Trial Court further ordered that Appellant's sentence was to run consecutively with his prior conviction in Cause No. 04-20282 out of the 91st Judicial District, Eastland County, Texas, a case in which he was currently on parole. Appellant, thereafter, timely filed his notice of appeal. On April 23rd, 2015, the Court of Appeals for the Eleventh District issued it Memorandum Opinion and Judgment affirming the judgment of the Trial Court. No motion for rehearing was filed.

## GROUNDS FOR REVIEW

The Court of Appeals erred in finding that Appellant's guilty plea was knowingly and voluntarily made, and his right to due process was not violated when Appellant was not advised that his sentence could be cumulated in the event that his community supervision was revoked and he was adjudicated.

# ARGUMENT

On September 26th, 2013, Appellant entered into a plea agreement wherein he agreed to plead guilty in exchange for a recommended punishment of 8 years deferred adjudication probation and the payment of a $2,000.00 fine. (Clerk's Record, Vol. 1, pp. 25-32). At the time that he entered into the plea agreement and plead guilty to the charged offense, Appellant was on parole for a conviction in a case out of the 91st Judicial District Court, Eastland County, Texas. At no time prior to his entry of a guilty plea, was it ever disclosed to Appellant by the State or by the Trial Court that he could be sentenced to a term of imprisonment that would run consecutive to the prison sentence for which he was currently on parole. The possibility of cumulative sentencing was not disclosed in the plea papers, nor was it disclosed in the oral admonishments given by the court during the plea colloquy. (Clerk's Record, Vol. 1, pp. 25-32). (Reporter's Record, Vol. 3, pp. 4-13). In fact, in the plea colloquy, the Trial Court admonished the Appellant that the range of punishment was not less than two year nor more than ten years and a fine not to exceed $10,000.00. (Reporter's Record, Vol. 3, p. 8). Additionally, the Trial Court specifically told the Appellant, "You understand that even though you're only on eight years probation that, if you violate a term [of probation], you could get ten years in prison? You understand that?" (Reporter's Record, Vol. 3, p. 11).

The 14th Amendment to the United States Constitution, guarantees that no person shall be deprived of life, liberty, or property, without due process of law. *U.S. Const. Amend. XIV, § 1*. Likewise, the 5th Amendment to the United States Constitution provides that no person shall be compelled to be a witness against himself. *U.S. Const. Amend. V*. The United States Supreme Court has established that the 5th and 14th Amendments apply to guilty pleas and the record must affirmatively demonstrate that a defendant's guilty plea is made voluntarily and knowingly. *Boykin v. Alabama,* 395 U.S. 238, 242-243 (1969*). Brady v. U.S.,* 397 U.S. 742, 748 (1970). It is well-established law in Texas, that consistent with constitutional due process; a guilty plea must be made with a clear understanding of direct consequences of the plea. *Mitschke v. State*, 129 S.W.3d 130, (2004), *citing, Brady v. United States*, 397 U.S. 742, 748, 755, (1970). In the instant case one of the direct consequences of Appellant's guilty plea is that he could be sentenced to ten years confinement in prison and that he would not begin receiving credit on that sentence until the sentence from his prior conviction had ceased to operate. Contrary to the Trial Court's specific admonishment that he might receive ten year if he violated a term or condition of his probation, the reality was that he might serve much more that the ten year sentence as a result of the provision making his sentence cumulative. The direct consequence of Appellant's guilty plea was that Appellant is subject to serving a sentence of more than ten years

because of the cumulation provision contained in the judgment. In *Mitschke v. State*, 129 S.W.3d 130 (2004), the Court of Criminal Appeals held that if the consequence is definite and largely or completely automatic, then it is a direct consequence. *Id.* at 135. In this case the consequence is definite (Appellant will not be eligible for parole until he is paroled for his prior conviction), and it is largely or completely automatic. Once the Trial Court includes the cumulation provision in the judgment nothing else is necessary the results of that inclusion on Appellant are automatic. There is no party or agency that has discretion to ignore it or condition imposition of it. Because the result of the inclusion of cumulation provision has a direct consequence on Appellant sentence the Trial Court was constitutionally required to disclose it to Appellant and the failure of the Trial Court to do so rendered Appellant guilty plea involuntary and violated the 5th and 14th Amendments to the U.S. Constitution. In affirming the judgment of the trial court the Court of Appeals affirmed the trial court's violation of Appellant's rights under the 5th and 14th Amendments to the U.S. Constitution.

Prayer

Because Appellant's plea was involuntary, Appellant prays that this Court reverse the judgment of the Court of Appeals in this case.

Respectfully submitted,


/s/ Russell W. King
Russell W. King
State Bar No. 11463400
King Law Offices, P.C.
P.O. Box 772
Stephenville, Texas 76401
817-357-4039
254-445-2751 Facsimile


Certificate of Service


     The undersigned does hereby certify that a true and correct copy of the foregoing pleading was served on the State's Attorney via Facsimile transfer on the 25th day of June 2015.


/s/ Russell W. King
Russell W. King


Certification of Word Count

Appellant's brief contains 1249 words.

/s/ Russell W. King
Russell W. King



In The

# 𝕰𝖑𝖊𝖛𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## No. 11-13-00380-CR
_____

## CHRISTOPHER LYNN VUICICH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. F34011**

### M E M O R A N D U M   O P I N I O N

Christopher Lynn Vuicich, Appellant, as part of a plea bargain, pleaded guilty to assault causing bodily injury to a family member.[1]  In accordance with the plea agreement, the trial court placed Appellant on deferred adjudication for eight years and imposed a $2,000 fine.  Later, after the State moved to adjudicate Appellant's guilt, the trial court held an evidentiary hearing, found that Appellant

---

[1]The State had alleged three enhancement paragraphs but abandoned them as part of the plea bargain.

had violated four conditions of his community supervision,[2] adjudicated his guilt, assessed punishment at confinement for ten years, and ordered Appellant to pay any remaining portion of the $2,000 fine. The trial court then sentenced Appellant and ordered his sentence to run consecutively to a prior conviction.[3] Appellant argues, in his sole issue, that the trial court erred when it failed to warn him that one consequence of his guilty plea was that the trial court could "stack" or cumulate his sentence. We affirm.

## I. *Charged Offense and Evidence at Revocation Hearing*

Because Appellant does not advance a sufficiency challenge, we recite only the facts necessary to review his appeal. The grand jury indicted Appellant for intentionally or knowingly causing bodily injury to K.M., a person with whom Appellant had or had had a dating relationship, by striking her. Shortly after Appellant was placed on deferred adjudication, the State moved to adjudicate because Appellant had violated his community supervision; the State also filed a notice of intent to cumulate.

## II. *Analysis*

A trial court has the discretion to order that a sentence run consecutively to a sentence imposed in a prior conviction. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2014); *Branson v. State*, 525 S.W.2d 187, 189 (Tex. Crim. App. 1975). Article 26.13 of the Texas Code of Criminal Procedure provides that the trial court, prior to accepting a guilty plea, must admonish the defendant on the

---

[2]Appellant pleaded "true" to an allegation that he had violated curfew by staying in a Breckenridge hotel without first getting approval from his probation officer.

[3]Appellant was convicted of unlawful possession of a firearm in Cause No. 04-20282 in the 91st District Court in Eastland County, Texas, on March 21, 2005. He was sentenced in 2005 to confinement for twenty-five years, but he was released on parole in 2012. His parole for this conviction would not be completed until 2029. At the time of the hearing in the present case, a blue warrant had been issued for a parole violation in the Eastland County case, and a revocation hearing was pending.

range of punishment for the offense and that the defendant must appear to be mentally competent and to be making his plea freely and voluntarily. CRIM. PROC. art. 26.13(a)(1), (b).

As we outlined in *Engleton v. State*, "[i]n an appeal from a judgment adjudicating guilt, an attack on the original plea of guilty is prohibited unless the judgment is void." *Engleton v. State*, No. 11-11-00017-CR, 2012 WL 4754914, at *1 (Tex. App.—Eastland Oct. 4, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001)).[4] In this case, neither the order in which the trial court deferred adjudication and placed Appellant on community supervision nor the subsequent judgment of the trial court in which it revoked Appellant's community supervision and adjudicated Appellant's guilt is void. *See Nix*, 65 S.W.3d at 668 n.14. Here, as in *Engleton*, Appellant cannot challenge the voluntariness of his plea in this appeal. *Engleton*, 2012 WL 4754914, at *1.

Appellant argued that the court had to admonish him about the possibility of cumulative sentences. When a trial court grants a deferred adjudication, it must inform the defendant of the possible consequences of a violation of community supervision. *See* CRIM. PROC. art. 42.12, § 5(a), (b). The Court of Criminal Appeals has held that direct consequences are those that are "definite and largely or completely automatic." *Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004). A trial court must advise a defendant of "direct consequences that are punitive in nature or specifically enunciated in the law." *Id.* at 136. The Court of

---

[4]As we noted in Footnote No. One in *Engleton*, *Nix* and *Jordan* are controlling precedent in this case, and our decision in *Grabowski v. State*, 27 S.W.3d 594 (Tex. App.—Eastland 2000, no pet.), in which we held that an appellant may attack the voluntariness of his original guilty plea after adjudication of guilt, was decided prior to either *Nix* or *Jordan*. *Engleton*, 2012 WL 4754914, at *1.

Criminal Appeals also has outlined that a "collateral" consequence is one that "lies within the discretion of the court whether to impose it, or where its imposition is controlled by an agency which operates beyond the direct authority of the trial judge." *Id.* at 134 n.4 (quoting *United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir. 1997)) (internal quotation marks omitted).

When the Texas Court of Criminal Appeals addressed this particular issue, it held, "We do not agree that Article 26.13, supra, obligates the trial court to inform an accused pleading guilty or nolo contendere of its discretion to cumulate sentences when admonishing him of the consequences of his plea." *Simmons v. State*, 457 S.W.2d 281, 283 (Tex. Crim. App. 1970). "Neither article 26.13 nor 42.12, section 5(b) requires the trial court to admonish on consecutive or cumulative sentences."[5] *Fletcher v. State*, No. 05-91-01798-CR, 1992 WL 389788, at *2 (Tex. App.—Dallas Dec. 28, 1992, no pet.) (not designated for publication). The trial court did not abuse its discretion when it cumulated Appellant's sentence without having warned him of that possibility. We overrule Appellant's sole issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE

April 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[5]We note that the imposition of consecutive sentences is not a direct consequence of a guilty plea and that various courts have held that a plea is not rendered involuntary by the trial court's failure to warn of such a possibility. *McGrew v. State*, 286 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2008, no pet.).

4

Print this page

# Envelope 5815198

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 06/24/2015 10:44:49 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Russell King |
| Firm Name | King Law Offices, P.C. |
| Filed By | Russell King |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $3.34 |

## Payment

| | |
|---|---|
| Account Name | King Law Office |
| Transaction Amount | $3.34 |
| Transaction Response | |
| Transaction ID | 9539764 |
| Order # | 005815198-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | 1001 |
| Comments | |
| Status | Rejected |

### Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

### Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 06/25/2015 05:04:35 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for |

| PM | | discretionary review. |

## Documents

| *Attachments* | Court of Appeals Opinion Affirming Judgment.pdf | [Original] |
| *Lead Document* | PETITION FOR DISCRETIONARY REVIEW.pdf | [Original] |

## Petition for Discretionary Review

| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | 1001 |
| Comments | |
| Status | Rejected |

## Fees

| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
| --- | --- | --- |
| Other | 06/25/2015 05:04:35 PM | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| *Attachments* | Court of Appeals Opinion Affirming Judgment.pdf | [Original] |
| *Lead Document* | PETITION FOR DISCRETIONARY REVIEW.pdf | [Original] |