**Opinion filed October 4, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00017-CR

_____

## EMILIO ALBERTO ENGLETON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 413th District Court**

**Johnson County, Texas**

**Trial Court Cause No. F42809**

## MEMORANDUM OPINION

The grand jury initially indicted Emilio Alberto Engleton on one count of aggravated sexual assault of a child and on one count of indecency with a child. Pursuant to a plea bargain agreement, Engleton pleaded guilty to both offenses. The trial court deferred adjudication of Engleton's guilt and placed him on community supervision for ten years. Later, the State filed a motion to adjudicate Engleton's guilt on both counts. At the conclusion of the hearing on the motion to adjudicate, the trial court found Engleton guilty on both counts of the indictment, and it assessed his punishment for Count One at confinement for life and for Count Two at confinement for twenty years. We affirm.

In his first issue, Engleton maintains that his guilty plea was not voluntarily given because the trial court failed to admonish him of the proper range of punishment. In response, the State argues that we lack jurisdiction over the complaint because Engleton cannot complain about his original guilty plea when his guilt is later adjudicated. We agree.

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). In an appeal from a judgment adjudicating guilt, an attack on the original plea of guilty is prohibited unless the judgment is void. *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).[1] Neither the trial court's order deferring the adjudication of guilt nor the subsequent judgment adjudicating appellant's guilt in this case is void. *See Nix*, 65 S.W.3d at 668 n.14. Thus, the voluntariness of appellant's original guilty plea may not be raised in this direct appeal from the judgment adjudicating his guilt. *See id.* at 669. We overrule Engleton's first issue.

In his second issue on appeal, Engleton argues that the trial court erred when it found that he violated his community supervision when he failed to register as a sex offender. In its motion to adjudicate, the State alleged, as to both Counts One and Two, that Engleton violated the terms of his community supervision when he did not register as a sex offender as required by law. Engleton pleaded not true to the allegations that he had failed to register as a sex offender. As to Count Two only, the State alleged that Engleton failed to complete community service as ordered by the trial court. Engleton pleaded true to the allegation that he had failed to complete community service as required by the trial court as to Count Two; there was no such allegation as to Count One.

The burden is upon the State to show, by a preponderance of the evidence, that the defendant committed a violation of the conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We review the trial court's order, in which it revokes community supervision, under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and the evidence is reviewed in the light most favorable

---

[1]We note that *Nix* and *Jordan* are controlling precedent in this case and that our decision in *Grabowski v. State*, 27 S.W.3d 594 (Tex. App.—Eastland 2000, no pet.), in which we held that an appellant may attack the voluntariness of his original guilty plea after adjudication of guilt, was decided prior to either *Nix* or *Jordan*.

2

to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court abuses its discretion if it revokes community supervision when the State has failed to meet its burden of proof. *Hart v. State*, 264 S.W.3d 364, 366 (Tex. App.—Eastland 2008, pet. ref'd). Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of supervision is sufficient to support a revocation order. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Further, a plea of true, standing alone, absent circumstances not applicable here, is sufficient to support the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (where the rule was applied to "probation").

Engleton's plea of true to the allegation that he failed to complete community service as ordered by the trial court in connection with Count Two will support revocation under Count Two; the trial court did not abuse its discretion when it revoked Engleton's community supervision as to Count Two for his failure to complete community service. Although that one finding alone is sufficient to support the trial court's order of adjudication under Count Two, we will consider Engleton's complaint as to both counts that the evidence is insufficient to show that he failed to register as a sex offender.

Engleton's specific argument in his second issue on appeal is that there was a lack of credible testimony to show that he did not reside at the address that he had given when he registered as a sex offender. Further, he argues that the State did not show that he resided at a different location.

When it is alleged that a defendant has violated a term of community supervision, he is entitled to a hearing so that the trial court might determine whether to proceed to adjudicate guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012). We review this determination as though it were a review of the sufficiency of the evidence to support the order in which the trial court revoked community supervision. *Id.*; *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). But, because revocation hearings are unique and trial courts have broad discretion, we do not apply the general standards for sufficiency review. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett*, 619 S.W.2d at 174.

When we review for an abuse of discretion, we examine the record to determine whether it contains some evidence to support the trial court's decision. *Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.). During a hearing on a motion to adjudicate, the trial court is the trier of fact and arbiter of a witness's credibility. *See Garrett*, 619 S.W.2d at 174. If the greater weight of the credible evidence creates a reasonable belief that a defendant violated a condition of his community supervision, a trial court does not abuse its discretion if it revokes community supervision, and we must uphold its decision. *Rickels*, 202 S.W.3d at 763–64.

In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated a term of his community supervision. *Id.*; *Antwine*, 268 S.W.3d at 636. Proof by a preponderance of the evidence of one of the alleged violations is sufficient to support a revocation order. *Moore*, 605 S.W.2d at 926; *Antwine*, 268 S.W.3d at 636.

As a condition of his community supervision, Engleton was prohibited from violating any laws of the State of Texas. Due to the nature of his crimes, Texas law required Engleton to register as a sex offender with local law enforcement at the place of his residence or at any place where he intended to visit for more than seven days and to notify local officials seven days prior to any change of address. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.051(a) (West Supp. 2012). Therefore, to establish a violation of a condition of Engleton's community supervision, the State had to show by a preponderance of the evidence that, on or about June 28, 2010, Engleton did not reside at the registered address he had given to law enforcement.

The evidence reflects that, on June 29, 2010, Engleton changed his address with local law enforcement from 100 North Main Street, Apartment No. 41, in Joshua to 100 East 12th Street, Apartment No. 10, in Joshua. The property manager of both properties testified that Engleton and a pregnant woman moved from Apartment No. 41 on June 8, 2010, to prevent eviction and that Engleton was never a party to the lease agreement for Apartment No. 10. An occupant of Apartment No. 10, Tracy Linnabury, testified that Engleton used the address as his residence, kept personal items there, but did not live there. Although Engleton claimed that he slept on the living room floor in Apartment No. 10, Linnabury testified that Engleton had never been asleep in the one-bedroom apartment when she went to work at 5 a.m. each morning.

Both Linnabury and Engleton's former roommate told investigators that Engleton might be living in Burleson. Acting upon that information, an investigator determined that Engleton had not registered a new address with law enforcement in the City of Burleson, Tarrant County,

4

or Johnson County; Burleson lies partly in Tarrant County and partly in Johnson County. The investigator found Engleton on two separate occasions at the Burleson address provided by the roommate. In the first instance, the investigator confirmed that Engleton's car was parked at the Burleson address, and on the second occasion, he observed Engleton and a woman exiting a vehicle and entering the residence. The Burleson residence was the home of the pregnant woman who had been staying with Engleton at Apartment No. 41. Based on his observations and conversations, it was the investigator's opinion that Engleton had moved to Burleson on June 8, 2010, to prevent eviction from Apartment No. 41.

The record supports the trial court's finding that Engleton did not reside at his registered address in Joshua and that he failed to register a change of address to Burleson within seven days. Testimony at the hearing shows that he moved from Apartment No. 41 in Joshua on June 8, 2010, but did not register a change of address to Apartment No. 10 in Joshua until twenty-one days later. Furthermore, Linnabury testified that Engleton falsely registered Apartment No. 10 in Joshua as his residence and that he never lived there. Additionally, testimony from Linnabury and the investigator indicates that Engleton lived in Burleson but never registered there.

Our review of the record in a light favorable to the trial court's order reveals evidence that supports the trial court's order of adjudication under Counts One and Two in that Engleton failed to register as a sex offender as ordered. We conclude that the trial court did not abuse its discretion. Engleton's second issue is overruled.

In his third and final issue, Engleton complains that the trial court violated his due process rights when it arbitrarily refused to consider the entire range of punishment. The State argues that Engleton failed to object to the trial court's sentence and thereby waived this complaint on appeal. We agree. To preserve a complaint for our review, a timely and specific request, objection, or motion is required. TEX. R. APP. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238 (Tex. Crim. App. 2009). Although preservation is not required for some errors, the Court of Criminal Appeals has held that allegations of due process violations are subject to the preservation requirement, including a claim that the trial court predetermined the outcome, precluding "impartial consideration of relevant evidence and the full range of punishment at a probation revocation hearing." *Hull v. State*, 67 S.W.3d 215, 216 n.2 (Tex. Crim. App. 2002); *see also Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009). Engleton lodged

5

no objection to the trial court's assessment of punishment at the hearing. Nor did Engleton, in his motion for new trial, address the due process argument; instead, Engleton complained that the verdict was contrary to the law and evidence and requested a new trial in the interest of justice. A fair reading of the motion for new trial does not lead us to the conclusion that Engleton's current argument would have been apparent to the trial court from the context of the motion. Accordingly, Engleton did not preserve this issue, and he has waived his right to complain on appeal. *See Anderson*, 301 S.W.3d at 279–80. Engleton's third issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


October 4, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill.[3]

---

[2]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[3]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.