Opinion filed October 4,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00017-CR

                                                    __________

 

                         EMILIO
ALBERTO ENGLETON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 413th District Court

                                                          Johnson
County, Texas

                                                    Trial
Court Cause No. F42809

 



 

M E M O R A N D U
M   O P I N I O N

 

            The
grand jury initially indicted Emilio Alberto Engleton on one count of
aggravated sexual assault of a child and on one count of indecency with a
child.  Pursuant to a plea bargain agreement, Engleton pleaded guilty to both
offenses.  The trial court deferred adjudication of Engleton’s guilt and placed
him on community supervision for ten years.  Later, the State filed a motion to
adjudicate Engleton’s guilt on both counts.  At the conclusion of the hearing
on the motion to adjudicate, the trial court found Engleton guilty on both
counts of the indictment, and it assessed his punishment for Count One at
confinement for life and for Count Two at confinement for twenty years.  We
affirm.

In his first issue, Engleton maintains that his guilty plea was not voluntarily given because
the trial court failed to admonish him of the proper range of punishment.  In
response, the State argues that we lack jurisdiction over the complaint because
Engleton cannot complain about his original guilty plea when his guilt is later
adjudicated.  We agree.  

A defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea proceeding in
appeals taken when deferred adjudication community supervision is first
imposed.  Manuel v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App.
1999).    In an appeal from a judgment adjudicating guilt, an attack on the
original plea of guilty is prohibited unless the judgment is void.  Nix v.
State, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); Jordan v. State,
54 S.W.3d 783, 785 (Tex. Crim. App. 2001).[1] 
Neither the trial court’s order deferring the adjudication of guilt nor the
subsequent judgment adjudicating appellant’s guilt in this case is void.  See
Nix, 65 S.W.3d at 668 n.14.  Thus, the voluntariness of appellant’s
original guilty plea may not be raised in this direct appeal from the judgment
adjudicating his guilt.  See id. at 669.  We overrule Engleton’s first
issue.

            In
his second issue on appeal, Engleton argues that the trial court erred when it
found that he violated his community supervision when he failed to register as
a sex offender.  In its motion to adjudicate, the State alleged, as to both Counts
One and Two, that Engleton violated the terms of his community supervision when
he did not register as a sex offender as required by law.  Engleton pleaded not
true to the allegations that he had failed to register as a sex offender. As to
Count Two only, the State alleged that Engleton failed to complete community
service as ordered by the trial court.  Engleton pleaded true to the allegation
that he had failed to complete community service as required by the trial court
as to Count Two; there was no such allegation as to Count One.

            The
burden is upon the State to show, by a preponderance of the evidence, that the
defendant committed a violation of the conditions of community supervision.  Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  We review the trial
court’s order, in which it revokes community supervision, under an abuse of
discretion standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App.
2006).  The trial court is the sole judge of the credibility of the witnesses
and the weight given to their testimony, and the evidence is reviewed in the
light most favorable to the trial court’s ruling.  Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981).  The trial court abuses its discretion
if it revokes community supervision when the State has failed to meet its
burden of proof.  Hart v. State, 264 S.W.3d 364, 366 (Tex. App.—Eastland
2008, pet. ref’d).  Proof by a preponderance of the evidence of any one of the
alleged violations of the conditions of supervision is sufficient to support a
revocation order.  Tex. Code Crim.
Proc. Ann. art. 42.12, § 21(b) (West Supp. 2012); Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  Further, a plea of true, standing
alone, absent circumstances not applicable here, is sufficient to support the
revocation of community supervision.  See Cole v. State, 578 S.W.2d 127,
128 (Tex. Crim. App. 1979) (where the rule was applied to “probation”).

            Engleton’s
plea of true to the allegation that he failed to complete community service as
ordered by the trial court in connection with Count Two will support revocation
under Count Two; the trial court did not abuse its discretion when it revoked
Engleton’s community supervision as to Count Two for his failure to complete
community service.  Although that one finding alone is sufficient to support
the trial court’s order of adjudication under Count Two, we will consider Engleton’s
complaint as to both counts that the evidence is insufficient to show that he
failed to register as a sex offender.

            Engleton’s
specific argument in his second issue on appeal is that there was a lack of
credible testimony to show that he did not reside at the address that he had
given when he registered as a sex offender.  Further, he argues that the State
did not show that he resided at a different location.  

When
it is alleged that a defendant has violated a term of community supervision, he
is entitled to a hearing so that the trial court might determine whether to
proceed to adjudicate guilt on the original charge.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West
Supp. 2012).  We review this determination as though it were a review of the
sufficiency of the evidence to support the order in which the trial court revoked
community supervision.  Id.; Antwine v. State, 268 S.W.3d 634,
636 (Tex. App.—Eastland 2008, pet. ref’d).  But, because revocation hearings
are unique and trial courts have broad discretion, we do not apply the general
standards for sufficiency review.  Pierce v. State, 113 S.W.3d 431, 436
(Tex. App.—Texarkana 2003, pet. ref’d).  Instead, we review for an abuse of
discretion and examine the evidence in a light most favorable to the trial
court’s order.  Garrett, 619 S.W.2d at 174. 

            When we review for an abuse of discretion,
we examine the record to determine whether it contains some evidence to support
the trial court’s decision.  Herald v. State, 67 S.W.3d 292, 293 (Tex.
App.—Amarillo 2001, no pet.).  During a hearing on a motion to adjudicate, the
trial court is the trier of fact and arbiter of a witness’s credibility.  See
Garrett, 619 S.W.2d at 174.  If the greater weight of the credible evidence
creates a reasonable belief that a defendant violated a condition of his
community supervision, a trial court does not abuse its discretion if it
revokes community supervision, and we must uphold its decision.  Rickels,
202 S.W.3d at 763–64.

            In an adjudication hearing, the State must prove by a
preponderance of the evidence that a defendant violated a term of his community
supervision.  Id.; Antwine, 268 S.W.3d at 636.  Proof by a
preponderance of the evidence of one of the alleged violations is sufficient to
support a revocation order.  Moore, 605 S.W.2d at 926; Antwine,
268 S.W.3d at 636.  

            As a condition of his community supervision, Engleton
was prohibited from violating any laws of the State of Texas.  Due to the
nature of his crimes, Texas law required Engleton to register as a sex offender
with local law enforcement at the place of his residence or at any place where
he intended to visit for more than seven days and to notify local officials
seven days prior to any change of address.  See Tex. Code Crim. Proc. Ann. arts. 62.001(5)(A), 62.051(a)
(West Supp. 2012).  Therefore, to establish a violation of a condition of
Engleton’s community supervision, the State had to show by a preponderance of
the evidence that, on or about June 28, 2010, Engleton did not reside at the
registered address he had given to law enforcement.

The
evidence reflects that, on June 29, 2010, Engleton changed his address with
local law enforcement from 100 North Main Street, Apartment No. 41, in Joshua to
100 East 12th Street, Apartment No. 10, in Joshua.  The property manager of
both properties testified that Engleton and a pregnant woman moved from Apartment
No. 41 on June 8, 2010, to prevent eviction and that Engleton was never a party
to the lease agreement for Apartment No. 10.  An occupant of Apartment No. 10,
Tracy Linnabury, testified that Engleton used the address as his residence,
kept personal items there, but did not live there.  Although Engleton claimed
that he slept on the living room floor in Apartment No. 10, Linnabury testified
that Engleton had never been asleep in the one-bedroom apartment when she went
to work at 5 a.m. each morning.

            Both
Linnabury and Engleton’s former roommate told investigators that Engleton might
be living in Burleson.  Acting upon that information, an investigator
determined that Engleton had not registered a new address with law enforcement
in the City of Burleson, Tarrant County, or Johnson County; Burleson lies
partly in Tarrant County and partly in Johnson County.  The investigator found
Engleton on two separate occasions at the Burleson address provided by the
roommate.  In the first instance, the investigator confirmed that Engleton’s
car was parked at the Burleson address, and on the second occasion, he observed
Engleton and a woman exiting a vehicle and entering the residence.  The
Burleson residence was the home of the pregnant woman who had been staying with
Engleton at Apartment No. 41.  Based on his observations and conversations, it
was the investigator’s opinion that Engleton had moved to Burleson on June 8,
2010, to prevent eviction from Apartment No. 41.  

            The
record supports the trial court’s finding that Engleton did not reside at his registered
address in Joshua and that he failed to register a change of address to
Burleson within seven days.  Testimony at the hearing shows that he moved from Apartment
No. 41 in Joshua on June 8, 2010, but did not register a change of address
to Apartment No. 10 in Joshua until twenty-one days later.  Furthermore, Linnabury
testified that Engleton falsely registered Apartment No. 10 in Joshua as his
residence and that he never lived there.  Additionally, testimony from
Linnabury and the investigator indicates that Engleton lived in Burleson but
never registered there.  

            Our
review of the record in a light favorable to the trial court’s order reveals
evidence that supports the trial court’s order of adjudication under Counts One
and Two in that Engleton failed to register as a sex offender as ordered.  We
conclude that the trial court did not abuse its discretion.  Engleton’s second
issue is overruled.  

            In
his third and final issue, Engleton complains that the trial court violated his
due process rights when it arbitrarily refused to consider the entire range of
punishment.  The State argues that Engleton failed to object to the trial
court’s sentence and thereby waived this complaint on appeal.  We agree.  To
preserve a complaint for our review, a timely and specific request, objection,
or motion is required.  Tex. R. App. P.
33.1(a)(1); Layton v. State, 280 S.W.3d 235, 238 (Tex. Crim. App.
2009).  Although preservation is not required for some errors, the Court of
Criminal Appeals has held that allegations of due process violations are
subject to the preservation requirement, including a claim that the trial court
predetermined the outcome, precluding “impartial consideration of relevant
evidence and the full range of punishment at a probation revocation hearing.”  Hull
v. State, 67 S.W.3d 215, 216 n.2 (Tex. Crim. App. 2002); see also
Anderson v. State, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009).  Engleton
lodged no objection to the trial court’s assessment of punishment at the hearing. 
Nor did Engleton, in his motion for new trial, address the due process
argument; instead, Engleton complained that the verdict was contrary to the law
and evidence and requested a new trial in the interest of justice.  A fair
reading of the motion for new trial does not lead us to the conclusion that
Engleton’s current argument would have been apparent to the trial court from
the context of the motion.  Accordingly, Engleton did not preserve this issue,
and he has waived his right to complain on appeal.  See Anderson, 301
S.W.3d at 279–80.  Engleton’s third issue is overruled.

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                Jim R. Wright

                                                                                                Chief
Justice

 

October 4, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[2]
consists of: Wright, C.J.,

McCall, J., and Hill.[3]

 









                [1]We note that Nix and Jordan are
controlling precedent in this case and that our decision in Grabowski v.
State, 27 S.W.3d 594 (Tex. App.—Eastland 2000, no pet.), in which we held
that an appellant may attack the voluntariness of his original guilty plea
after adjudication of guilt, was decided prior to either Nix or Jordan.





                [2]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[3]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.